```
CALVIN E. DAVIS (SBN: 101640)
GARY J. LORCH (SBN: 119989)
LISA K. GARNER (SBN: 155554)
GORDON & REES LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
Email: cdavis@gordonrees.com
Email: glorch@gordonrees.com
Email: lgarner@gordonrees.com

Attorneys for Plaintiff
CENTURY 21 REAL ESTATE LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, a Delaware limited liability company, formerly known as CENTURY 21 REAL ESTATE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HERITAGE REAL ESTATE, INC., a California corporation doing business as CENTURY 21 HERITAGE REAL ESTATE and HERITAGE REAL ESTATE; JOHN W. SCHLENDORF, JR., an individual; SUSANNA SCHLENDORF, an individual; and SERETA CHURCHILL, an individual,<br><br>Defendants. | CASE NO. C 06 7809 WDB<br><br>COMPLAINT FOR:<br><br>(1) BREACH OF CONTRACT;<br>(2) BREACH OF PROMISSORY NOTE;<br>(3) BREACH OF GUARANTY;<br>(4) ACCOUNT STATED;<br>(5) MONEY LENT;<br>(6) QUANTUM MERIT;<br>(7) SPECIFIC POSSESSION OF PERSONAL PROPERTY; AND<br>(8) ACCOUNTING |

Plaintiff Century 21 Real Estate LLC, a Delaware limited liability company, formerly known as Century 21 Real Estate Corporation (hereinafter referred to as "Plaintiff"), for its claims for relief against Defendants Heritage Real Estate, Inc., a California corporation doing business as Century 21 Heritage Real Estate and as Heritage Real Estate (hereinafter "Heritage"), John W. Schlendorf, Jr., an

-1-
COMPLAINT

individual, Susanna Schlendorf, an individual, and Sereta Churchill, an individual (Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill hereinafter are collectively referred to as "Individual Defendants," and Heritage and the Individual Defendants collectively are referred to as "Defendants"), allege as follows:

## JURISDICTION

1. Plaintiff is a limited liability company under the laws of the State of Delaware having its principal place of business in the State of New Jersey. Defendant Heritage Real Estate, Inc. is a corporation incorporated under the laws of California showing its principal place of business in California. Defendants John W. Schlendorf, Jr., Susanna Schlendorf and Sereta Churchill are citizens of the State of California. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars ($75,000.00.)

## VENUE

2. Venue is proper in this district in that all Defendants are subject to personal jurisdiction in this district at the time the action is commenced, and there is no other district in which the action may be brought.

## ALLEGATIONS

3. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times herein Defendants were each acting as an agent, servant or representative of each of said other Defendants, or were at all times mentioned herein acting within the course and scope of such agency, servitude or representation, and that all acts of said Defendants, and each of them, were authorized, directed and ratified by each of the remaining Defendants.

4. Defendants have entered into four Real Estate Franchise Agreements ("Agreements") with Plaintiff as follows:

///

(a) First Franchise – between Plaintiff and Defendant Heritage Real Estate, Inc. with an effective date of September 1, 2000. The First Franchise was located at 3249 Mount Diablo Boulevard, No. 101, Lafayette, California 94549. That Agreement is attached hereto as Exhibit A and incorporated by reference as though fully set forth herein;

(b) Second Franchise – between Plaintiff and Defendant Heritage Real Estate, Inc, with an effective date of September 1, 2000. The Second Franchise is located at 185 Railroad Avenue, Danville, California 94526. That Agreement is attached hereto as Exhibit B and incorporated by reference as though fully set forth herein;

(c) Third Franchise – between Plaintiff and Defendant Heritage Real Estate, Inc., with an effective date of April 1, 2001. The Third Franchise is located at 6211 LaSalle Avenue, Oakland, California 94611. The Agreement for the Third Franchise is attached hereto as Exhibit C and incorporated by reference as though fully set forth herein;

(d) Fourth Franchise – between Plaintiff and Defendant Heritage Real Estate, Inc., with an effective date of July 1, 2001. The Fourth Franchise is located at 1983 Second Street, Livermore, California 94550. The Agreement for the Fourth Franchise is attached hereto as Exhibit D and incorporated by reference as though fully set forth herein.

5. Under these Agreements, Defendants became franchisees of Plaintiff as a real estate brokerage business. Pursuant to the terms of these Agreements, Plaintiff agreed, among other things, to grant a non-exclusive license to Defendants to utilize Plaintiff's trademarks and marketing system. In return, Defendants agreed, among other things, to (1) continuously operate the business and not to abandon it; (2) to pay to Plaintiff six percent (6%) of all of Defendants' gross revenues under Section 8 of the Agreements ("royalty fees"). Gross revenues were defined in the Agreements to include all monies or things of value received or

receivable (*i.e.* earned but not yet received) by Defendants, directly or indirectly from the business which was the subject of the Agreements ("Gross Revenues"); (3) to pay two percent (2%) of their Gross Revenues for a National Advertising Fund ("NAF") for advertising expenses, with a minimum monthly fee of $281 for the First, Second, and Third Franchises, $289 for the Fourth Franchise. Individual Defendants each signed a personal guaranty for all their obligations under each of the Agreements (collectively referred to as the "Guaranty"). Each Guaranty is attached hereto as Exhibits E, F, G, and H and are incorporated by reference as though fully set forth herein.

6. In order to assist Defendants in the establishment of their offices, the parties entered into Addenda to the Agreements in which Plaintiff agreed to lend to Defendants certain sums. Pursuant to these agreements, Defendants executed Development Advance Promissory Notes and an Expansion Promissory Note (collectively referred to as the "Notes"). The Development Advance Promissory Notes required Defendants to re-pay one-ninth of its principal each year if certain targets for gross revenues, as defined in those Development Advance Promissory Notes, were not met, and the Expansion Promissory note provides for repayment in three installments of $37,077.42. Each Note also provides that the entire balance due under the Notes can be declared due if Defendants suspend business or upon the breach or default by Defendants of their obligations under any other agreement between Plaintiff and Defendants, including but not limited to the Agreements. Each Note is attached hereto as Exhibits I, J, K, L, M, N, O and P. Set forth herein are Notes entered into, and the sums owing on them as of November 6, 2006, plus interest as stated in the Notes:

(a) First Franchise: A Development Advance Promissory Note entered into on or about September 1, 2000 in the principal amount of $402,500. Another Development Advance Promissory Note was entered into on or about February 8, 2002 in the principal amount of $20,000.00. Another Development

-4-
**COMPLAINT**

Advance Promissory Note was entered into on or about October 25, 2002 in the principal amount of $24,500.00. Finally, on or about January 1, 2005, Defendants entered into an Expansion Promissory Note in the amount of $100,000.00. The total amount due and owing under the Notes referenced above, as of November 6, 2006, is $320,008.98;

      (b)    Second Franchise: A Development Advance Promissory Note entered into on or about December 11, 2000 in the principal amount of $160,000.00; this Note has a remaining principal balance due, as of November 6, 2006, of $71,111.00;

      (c)    Third Franchise: A Development Advance Promissory Note entered into on or about March 30, 2001 for the principal balance of $200,000.00, and another Development Advance Promissory Note entered into on or about August 6, 2002 for the principal balance of $60,000.00. The principal balance remaining due and owing under these Notes, as of November 6, 2006, is $144,445.09;

      (d)    Fourth Franchise: A Note entered into on or about July 9, 2001 for the principal balance of $85,000.00; this Note has a remaining principal balance due, as of November 6, 2006, of $47,221.82.

All remaining principal balances, plus interest as stated in the Notes, are currently due and owing to Plaintiff.

7.    As security for the Agreements and the Notes, Defendants entered into Security Agreements for each franchise location in which they pledged as collateral all of the furniture, furnishings, equipment, real estate listings and listing agreements and related rights, including the proceeds and products therefrom, related to their real estate brokerage business ("Security Agreements"). True and correct copies of the Security Agreements are attached hereto as Exhibits Q, R, S and T.

///

8.   Sometime after entering into the above Agreements, and related contracts, Defendants abandoned the business. Among other things, Plaintiff determined that Defendants had removed Plaintiff's trademarks from the business, were no longer operating at the agreed-upon locations, and may have sold the business to third parties. In addition, Defendants did not respond to communications from Plaintiff.

9.   On or about August 16, 2006, Plaintiff notified Defendants in writing that their abandonment of the business constituted a material breach of the Agreements, and due to this material breach, the Agreements were terminated effective as of August 30, 2006. Defendants were advised that they were in default of various payment obligations under the Agreements, including but not limited to, royalty payments and NAF fees.

10.   As of the date of the filing of this Action, Defendants owe Plaintiff for unpaid obligations, as follows:

(a)   First Franchise - $26,360.55 in royalty fees, $7,104.00 in NAF fees, with prejudgment interest thereon at the rates stated in the Agreement, $500.00 as a Minimum Royalty Fee, $208,766.42 for the Development Advance Promissory Notes, and $111,242.56 for the Expansion Promissory Note, plus prejudgment interest thereon as stated in the Notes, for a total principal balance due of $353,973.53, together with prejudgment interest thereon;

(b)   Second Franchise - $35,000.86 in royalty fees, $7,104.43 in NAF fees, with prejudgment interest thereon at the rates stated in the Agreement, plus a remaining principal balance due under the Development Advance Promissory Note for this Franchise of $71,111.00, with prejudgment interest thereon as stated in the Note, for a total principal balance due of $113,216.29, together with prejudgment interest thereon;

/ / /

/ / /

    (c) Third Franchise - $27,333.59 in royalty fees, $7,356.16 in NAF fees, with prejudgment interest thereon at the rates stated in the Agreement, plus the collective remaining principal balances due under the Notes for this Franchise in the amount of $144,445.09, with prejudgment interest thereon as stated in the Notes, for a total principal balance due of $179,134.84, together with prejudgment interest thereon; and

    (d) Fourth Franchise - $44,985.32 in royalty fees, $7,800.00 in NAF fees, with prejudgment interest thereon at the rates stated in the Agreement, plus the remaining principal balance due under the Note for this Franchise of $47,221.82, with prejudgment interest thereon as stated in the Note, for a total principal balance due of $100,007.14, together with prejudgment interest thereon.

  11. Pursuant to the terms of the Agreements, in the event of termination of the Agreements due to material breach by Defendants, Plaintiff is entitled to recover lost future profits calculated as follows based on a formula in the Agreements contained at section 19A: the combined monthly average of all fees under the Agreements from inception to termination multiplied by the number of months (or partial months) remaining in the term of the Agreements, the present value of these amounts discounted at a rate of eight percent (8%). Pursuant to this calculation, and as of November 6, 2006, Defendants owe Plaintiff the following under these provisions for lost future profits in each of the Franchise Agreements:

    a) First Franchise - $1,294,043.54;

    b) Second Franchise - $1,841,533.58;

    c) Third Franchise - $1,746,656.25;

    d) Fourth Franchise - $1,370,261.63.

  12. Up through the date of termination, pursuant to each of the Agreements, Plaintiff is entitled to six percent (6%) of monthly gross revenues for royalties defined in the Agreements and two percent (2%) of gross revenues for the NAF contribution with minimum payments of $281 monthly for NAF (except for

the Fourth Franchise whose minimum NAF was $289.) Should any additional amounts be found to be owed to Plaintiff based on these provisions, or pursuant to any other provisions of the Agreements between the parties, Plaintiff is also entitled to recover these amounts at trial of this action, including interest thereon.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract Against All Defendants)

13. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 12, as though fully set forth herein.

14. As set forth above, Plaintiff and Defendants entered into Agreements whereby Plaintiff agreed to provide a non-exclusive license for its trademarks and marketing system and Defendant agreed to certain monetary and non-monetary obligations.

15. Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreements except as excused by law.

16. Defendants have breached the Agreements in at least the following ways:

    (a) abandoning their business;

    (b) selling the business to third parties without the consent or knowledge of Plaintiff;

    (c) failing to pay amounts owed under the Agreements, Guarantees, and the Notes; and

    (d) failing to pay amounts calculated under the Agreements for future lost profits.

///
///
///
///

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

-8-
**COMPLAINT**

17. As a result of Defendants' breach, Plaintiff has been damaged in the amount of not less than $6,998,826.80, with additional damages in an amount to be proven at trial based on the facts alleged herein. Plaintiff is also entitled under the Agreements to interest on these sums pursuant to the interest rates set forth in the Agreements for the amounts owed for each Franchise.

18. Pursuant to the Agreements, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

## SECOND CLAIM FOR RELIEF

**(Breach of Promissory Note Against All Defendants)**

19. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 12, as though fully set forth herein.

20. As set forth above, Plaintiff and Defendants entered into Addenda and Notes whereby Plaintiff loaned Defendants funds as stated elsewhere in this Complaint. Defendants promised to repay these sums at the rates stated in the Notes. If Defendants defaulted in these payments, or if the Agreement(s) was terminated, Plaintiff could declare the entire amount due, plus interest at a rate equal to the lesser of eighteen percent (18%) per annum or the highest rate permitted by law.

21. Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Notes except as excused by law.

22. Defendants have breached their obligations under the Notes in at least the following ways:

(a) failing to pay amounts due and owing under the Notes; and

(b) causing the Agreements to be terminated based on their conduct as set forth in detail above.

23. As a result of Defendants' breach of the Notes, Plaintiff has been damaged in the amount owing as the principal balance on the Notes, plus interest,

as set forth above, with additional damages in an amount to be proven at trial based on the facts alleged herein.

24. Pursuant to the Notes, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

### THIRD CLAIM FOR RELIEF

**(Breach of Guaranty Against Defendants John Schlendorf, Jr., Susanna Schlendorf, Sereta Churchill, and Does 1-15 inclusive)**

25. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 12, as though fully set forth herein.

26. As set forth above, Individual Defendants each entered into a Guaranty of all their obligations under each Agreement.

27. Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of Agreements and each Guaranty except as excused by law.

28. As a result of Defendants' breach of the contracts, Plaintiff has been damaged in the amount of $6,998,826.80, plus interest, as set forth above, with additional damages in an amount to be proven at trial based on the facts alleged herein, which Defendants are obligated to pay.

29. Pursuant to the Agreements, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

### FOURTH CLAIM FOR RELIEF

**(Account Stated Against All Defendants)**

30. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 12, as though fully set forth herein.

31. Within the last four years, an account was stated in writing by and between Plaintiff and Defendants wherein Defendants owed Plaintiff the amounts set forth in this Complaint.

/ / /

32. Neither all nor any part of those sums have been paid, although demand therefore has been made, and these entire sums are now due and owing. Interest is also owing on this sum at the rate set forth in the Agreements and Notes as applicable.

33. Pursuant to the Agreements, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action or, alternatively, under Civil Code section 1717.5.

## FIFTH CLAIM FOR RELIEF

### (Money Lent Against All Defendants)

34. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 12, as though fully set forth herein.

35. Within the last four years, Defendants became indebted to Plaintiff in the sums stated elsewhere in this Complaint, plus interest at eighteen percent (18%) per annum or the highest rate allowable under the law, whichever is less, for money lent by Plaintiff to Defendants at their request.

36. Plaintiff has demanded the return of these sums but Defendants have failed and refused to do so.

37. Pursuant to the Agreements, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

## SIXTH CLAIM FOR RELIEF

### (Quantum Merit Against All Defendants)

38. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 12, as though fully set forth herein.

39. Within the last four years, Plaintiff provided services to Defendants, which services included, but were not limited to, non-exclusive licenses to use Plaintiff's trademarks, marketing system and other proprietary information and property of Plaintiff. Defendants knew that these services were being provided and accepted, used, and enjoyed the services provided by Plaintiff.

-11-
**COMPLAINT**

40. The fair and reasonable value of the services provided to the Defendants, as of November 6, 2006, is $746,331.80, with interest accruing thereon at eighteen percent (18%) or the highest rate permitted under the law, whichever is less, with additional damages in an amount to be proven at trial based on the facts alleged herein. Plaintiff is also entitled to recovery of reasonable attorneys' fees.

### SEVENTH CLAIM FOR RELIEF

**(Specific Possession of Personal Property Against All Defendants)**

41. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 12, as though fully set forth herein.

42. As set forth above, as security for the Agreements and the Notes, Defendants entered into Security Agreements in which they pledged as collateral all of the furniture, furnishings, equipment, real estate listings and listing agreements and related rights, including the proceeds and products therefrom, relating to their real estate brokerage business.

43. As a result of Defendants' breach of the Agreements and the Notes, Plaintiff is entitled to immediate possession of the personal property encompassed within the Security Agreements.

44. As a proximate result of Defendants' wrongful withholding of this personal property, Plaintiff has suffered damages in an amount to be determined at trial.

### EIGHTH CLAIM FOR RELIEF

**(Accounting Against All Defendants)**

45. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 12, as though fully set forth herein.

46. As set forth above in detail, Plaintiff and Defendants entered into franchise relationships based on execution of the Agreements attached hereto as Exhibits A, B, C, and D and incorporated by reference herein as though fully set

-12-
**COMPLAINT**

forth. Pursuant to these Agreements, Defendants entered into, among other things, certain financial obligations to Plaintiff including: payment to Plaintiff of six percent (6%) of all of Defendants' gross revenues under Section 8 of the Agreements ("royalty fees") and two percent (2%) of gross revenues for the National Advertising Fund ("NAF"). Gross revenues were defined in the Agreements to include all monies or things of value received or receivable (i.e. earned by not yet received) by Defendants, directly or indirectly from the business which was the subject of each Agreement.

47. At the time of filing of this Complaint, Plaintiff is aware of past sums owing from Defendants to Plaintiff in the amount of $746,331.80.

48. Plaintiff is informed and believes, and thereon alleges, that Defendants owe additional sums under the Agreements beyond the amount set forth above based on, among other things, sales of real estate not reported by Defendants but for which a royalty fee and NAF fee is due and owing. However, Plaintiff is unable to ascertain this amount without an accounting or audit of the books and records of Defendants. The additional amounts owed are within the knowledge of Defendants as these amounts are based on transactions in which Defendants participated.

49. Plaintiff has demanded an accurate accounting of any additional sales transactions or amounts that may be owed to Plaintiff, and Defendants have refused to provide this information.

WHEREFORE, Plaintiff prays as follows:

1. For damages in the amount of $6,998,826.80, with additional damages in an amount to be proven at trial;

2. For interest in the amount as delineated in each Agreement or Note, as applicable, or in the maximum amount allowed by law, whichever is less, calculated from the date of termination of the Agreements on August 30, 2006;

/ / /

-13-
**COMPLAINT**

3. For possession of the personal property described above or, if the property cannot be delivered, for its value;

4. For an accounting of additional sums due based on the Agreements between the parties and information within the knowledge of Defendants;

5. For reasonable attorneys' fees;

6. For costs of suit incurred herein; and

7. For such other and further relief as the court may deem proper.

Dated: December 20, 2006

GORDON & REES LLP
CALVIN E. DAVIS
GARY J. LORCH
LISA K. GARNER

By: _____
GARY J. LORCH
Attorneys for Plaintiff CENTURY 21 REAL ESTATE LLC

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

RLGY/1041334/98177v.1

-14-
**COMPLAINT**