1  CALVIN E. DAVIS (State Bar No. 101640)
   Email: cdavis@gordonrees.com
2  GARY J. LORCH (State Bar No. 119989)
   Email: glorch@gordonrees.com
3  LISA K. GARNER (State Bar No. 155554)
   Email: lgarner@gordonrees.com
4  GORDON & REES LLP
   633 West Fifth Street, Suite 4900
5  Los Angeles, CA 90071
   Telephone: (213) 576-5000
6  Facsimile: (213) 680-4470

7  Attorneys for Plaintiff
   CENTURY 21 REAL ESTATE LLC
8

9                  UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH

11

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, a Delaware limited liability company, formerly known as CENTURY 21 REAL ESTATE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HERITAGE REAL ESTATE, INC., a California corporation doing business as CENTURY 21 HERITAGE REAL ESTATE and HERITAGE REAL ESTATE; JOHN W. SCHLENDORF, JR., an individual; SUSANNA SCHLENDORF, an individual; and SERETA CHURCHILL, an individual,<br><br>Defendants. | Case No. C 06-7809 WDB<br><br>**NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST DEFENDANT SERETA CHURCHILL**<br><br>**[APPLICATION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT; MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATIONS OF DEBBIE IULIANO AND GARY J. LORCH IN SUPPORT OF APPLICATIONS FILED CONCURRENTLY HEREWITH]**<br><br>Date: February 14, 2007<br>Time: 2:30 p.m.<br>Crtm: 4 – 3rd Floor |

-1-
NOTICE OF APPLICATION – SERETA CHURCHILL
CASE NO. C 06-7809 WDB

**TO THIS HONORABLE COURT, TO DEFENDANT SERETA CHURCHILL, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY PROVIDED** that Plaintiff CENTURY 21 REAL ESTATE LLC has filed an application for a right to attach order and writ of attachment against Defendant SERETA CHURCHILL.

A hearing on Plaintiff's application will be held on February 14, 2007, at 2:30 p.m., in Courtroom 4, located on the 3rd Floor of the United States District Court, Oakland Branch, 1301 Clay Street, Oakland, CA 94612-5212.

The request of Plaintiff for an order is based upon the application and affidavits or declarations filed and served with this notice.

Your attention is directed to the following sections of the California Code of Civil Procedure that set forth when attachment may or may not be issued, the manner of calculating the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by attachment in unlawful detainer proceedings. (California Code of Civil Procedure sections 482.110, 483.110, 483.015, 483.020.)

**YOU ARE NOTIFIED THAT:**
    A right to attach order will be issued if the court finds at the hearing that plaintiff's claim is probably valid and the other requirements for issuing the order are established. This hearing may include both written and oral presentations, but is not for the purpose of determining whether the claim is actually valid. Determination of the actual validity of the claim will be made in subsequent proceedings in

the action and will not be affected by the decision at the hearing on the application for the order.

If you desire to oppose the issuance of a right to attach order or object to the amount to be secured by the attachment as provided in California Code of Civil Procedure section 483.015 (or California Code of Civil Procedure section 483.020 in unlawful detainer actions), you must timely file with this Court and serve on Plaintiff a notice of opposition and supporting declaration or affidavit as required by California Code of Civil Procedure section 484.060.

If a right to attach order is or has been issued, a writ of attachment will be issued to attach your property described in Plaintiff's application unless the court determines that the property is exempt from attachment or that its value clearly exceeds the amount necessary to satisfy the amount to be secured by the attachment. However, since the right to attach order will not necessarily be limited to your property described in Plaintiff's application, a writ of attachment may later be issued to attach other nonexempt property of yours.

If you claim that all or some portion of the property described in Plaintiff's application is exempt from attachment, you must timely:
include your claim of exemption in your notice of opposition filed and served pursuant to California Code of Civil Procedure section 484.060 or file and serve a separate claim of exemption with respect to the property as provided in California Code of Civil Procedure section 484.070.

1  file with the court and serve on Plaintiff a claim of exemption with
2  respect to the property as provided in California Code of Civil
3  Procedure section 484.350.

5  If you fail to make a claim of exemption with respect to personal property,
6  or make a claim of exemption with respect to real or personal property, but
7  fail to prove that the property is exempt, any further claim of exemption with
8  respect to the property will be barred unless you show a change in
9  circumstances occurring after expiration of the time for claiming
10 exemptions.

12 Claims of exemption resulting from a change of circumstances, whether
13 after denial of a previous claim or expiration of the time for claiming exemptions,
14 may be asserted as provide in California Code of Civil Procedure section 482.100.

16 You may obtain a determination at the hearing whether property not
17 described in the application is exempt from attachment. Your failure to claim that
18 property not described in the application is exempt from attachment will not
19 preclude you from making a claim of exemption with respect to the property at a
20 later time.

22 You may also obtain a determination at the hearing whether the amount
23 sought to be secured by the attachment shall be reduced by
24      (1)   the amount of any money judgment in your favor and against Plaintiff
25            that remains unsatisfied and enforceable,
26      (2)   the amount of any indebtedness of the plaintiff that you have claimed
27            in a cross-complaint filed in the action if your claim is one upon
28            which an attachment could be issued.

-4-
NOTICE OF APPLICATION – SERETA CHURCHILL
CASE NO. C 06-7809 WDB

(3) the amount of any claim asserted by you as a defense in the answer if the claim is one upon which an attachment could be issued had an action been brought on the claim when it was not barred by the statute of limitations, or

(4) the value of any security interest in your property held by Plaintiff to secure the indebtedness claimed by Plaintiff, together with the amount by which the value of the security interest has decreased due to the act of the Plaintiff or a prior holder of the security interest.

The amount to be secured by an attachment is determined pursuant to the following statutes:

(1) **California Code of Civil Procedure section 482.110.** A writ of attachment may include an estimate of the costs and allowable attorney fees.

(2) **California Code of Civil Procedure section 483.010.** An attachment may issue on a claim for $500 or more based on a contract, express or implied, exclusive of attorney fees, costs, and interests. If the claim was originally secured by an interest in real property (e.g., a mortgage or trust deed), an attachment may issue only if the security has become valueless or decreased in value to less than the amount owing on the claim, through no fault of Plaintiff or the security holder (if different from Plaintiff).

(3) **California Code of Civil Procedure section 483.015.** The amount to be attached includes the amount of the indebtedness claimed by Plaintiff, plus estimated costs and allowable attorney fees, reduced by the sum of the following:

(a) the amount of any unsatisfied money judgment held by defendant against Plaintiff;

    (b)    the amount of any indebtedness of Plaintiff claimed by defendant in a cross-complaint filed in the action (if a writ of attachment could issue on the claim);

    (c)    the amount of any cross-demand for money owed by plaintiff to defendant that is barred by the statute of limitations (but assertable as a California Code of Civil Procedure section 431.70 defense) if the debt was one upon which a writ of attachment could have been issued before the statute of limitations ran: and

    (d)    the amount of any security interest held by plaintiff in defendant's property, together with any decrease in the value of the underlying security caused by plaintiff or a prior security holder.

(4)    **California Code of Civil Procedure section 483.020.** An attachment in an unlawful detainer proceeding may include:

    (a)    the amount of rent past due when the complaint is filed;

    (b)    an additional amount for the estimated rent due from the date the complaint was filed until the estimated date of judgment or delivery of possession to plaintiff; and

    (c)    estimated costs and attorney fees.

Any prepaid rent or lease deposits held by plaintiff are disregarded in calculating the amount of attachment. However, the amount of attachment will be reduced by the amounts described in California Code of Civil Procedure section 483.015 (above).

Either you or your attorney or both may be present at the hearing.

YOU MAY SEEK THE ADVICE OF AN ATTORNEY AS TO ANY MATTER CONNECTED WITH PLAINTIFF'S APPLICATION. THE ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT THE ATTORNEY MAY ASSIST YOU BEFORE THE TIMES FOR FILING YOUR OPPOSITION AND CLAIMS OF EXEMPTION, AND FOR THE HEARING.

The amount sought to be secured by the attachment is $7,082,576.80, which includes estimated costs of $6,000.00 and which includes estimated allowable attorney's fees of $77,750.00.

Dated: December 27, 2006

CALVIN E. DAVIS
GARY J. LORCH
LISA K. GARNER

By: _____
    GARY J. LORCH
Attorneys for Plaintiff CENTURY 21 REAL ESTATE LLC

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

RLGY/1041334/103633v.1

-7-
NOTICE OF APPLICATION – SERETA CHURCHILL
CASE NO. C 06-7809 WDB