1  CALVIN E. DAVIS (State Bar No. 101640)
   Email: cdavis@gordonrees.com
2  GARY J. LORCH (State Bar No. 119989)
   Email: glorch@gordonrees.com
3  LISA K. GARNER (State Bar No. 155554)
   Email: lgarner@gordonrees.com
4  GORDON & REES LLP
   633 West Fifth Street, Suite 4900
5  Los Angeles, CA 90071
   Telephone: (213) 576-5000
6  Facsimile: (213) 680-4470

7  Attorneys for Plaintiff
   CENTURY 21 REAL ESTATE LLC

8

9              UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH

11

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, a Delaware limited liability company, formerly known as CENTURY 21 REAL ESTATE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HERITAGE REAL ESTATE, INC., a California corporation doing business as CENTURY 21 HERITAGE REAL ESTATE and HERITAGE REAL ESTATE; JOHN W. SCHLENDORF, JR., an individual; SUSANNA SCHLENDORF, an individual; and SERETA CHURCHILL, an individual,<br><br>Defendants. | Case No. C 06-7809 WDB<br><br>**COMBINED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FOUR (4) APPLICATION FOR RIGHT TO ATTACH ORDERS AND ORDERS FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST DEFENDANTS HERITAGE REAL ESTATE, INC., JOHN W. SCHLENDORF, JR., SUSANNA SCHLENDORF, AND SERETA CHURCHILL**<br><br>Date: February 14, 2007<br>Time: 2:30 p.m.<br>Crtm: 4 – 3rd Floor |

# TABLE OF CONTENTS

Page(s)

I. **STATEMENT OF PERTINENT FACTS** ........................................................... 2

    A. The Parties ............................................................................................. 2

    B. The Franchise Agreements .................................................................... 2

    C. The Personal Guarantys ........................................................................ 4

    D. The Advance Notes and the Expansion Note ....................................... 4

    E. Breaches by Defendants ........................................................................ 8

    F. Attorney's Fees ................................................................................... 10

II. **LEGAL ANALYSIS** ....................................................................................... 11

    A. This Court Is To Apply State Law Remedies ..................................... 11

    B. Century 21 Satisfies All Statutory Requirements For Issuance Of Right To Attach Orders and Orders For Issuance Of Attachment as Against Each Defendant ............................................... 12

III. **CONCLUSION** ............................................................................................... 14

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*,
    14 F.3d 1507, 1521 (11th Cir. 1994).................................................................. 11

*Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*,
    970 F.2d 552 (9th Cir. 1992)............................................................................... 11

**Statutes**

California Code of Civil Procedure
    § 481.010-493.060................................................................................................ 12
    § 481.090................................................................................................................ 13
    § 483.010-493.060................................................................................................ 12
    § 484.090(a)(1) (2) (3) (4).................................................................................... 12
    § 484.090 (b)......................................................................................................... 12
    § 487.010(a), (c)(1)............................................................................................... 14

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

**TO THIS HONORABLE COURT AND TO DEFENDANTS HERITAGE REAL ESTATE, INC., JOHN W. SCHLENDORF, JR., SUSANNA SCHLENDORF AND SERETA CHURCHILL:**

Plaintiff CENTURY 21 REAL ESTATE LLC ("Century 21") hereby submits the following Memorandum of Points and Authorities collectively in support of its four (4) Applications for Right to Attach Orders and Orders for Writ of Attachment, filed against Defendants HERITAGE REAL ESTATE, INC., JOHN W. SCHLENDORF, JR., SUSANNA SCHLENDORF, and SERETA CHURCHILL.

## I.    STATEMENT OF PERTINENT FACTS

### A.    The Parties

Plaintiff Century 21 is a real estate agent franchise company now owned by Realogy Corporation (formerly Cendant). (Declaration of Debbie Iuliano ("Iuliano Decl."), ¶ 3). Century 21 was formerly known as Century 21 Real Estate Corporation. (Iuliano Dec., ¶ 3.)

Defendant Heritage Real Estate, Inc. ("Heritage") Vision Quest 21, Inc. ("Vision Quest") is a California corporation registered to do business under the fictitious names "Century 21 Heritage Real Estate" and "Heritage Real Estate." (Iuliano Dec., ¶¶ 4, 6 and Exhibits "A" and "B" to Iuliano Decl.) Defendants John W. Schlendorf, Jr. ("Mr. Schlendorf"), Susanna Schlendorf ("Ms. Schlendorf") and Sereta Churchill ("Ms. Churchill") each have represented themselves to Century 21 to be owners and officers of Heritage. (Iuliano Dec., ¶ ¶ 5, 7, 20, 32 and 44 and Exhibits "C," "K," "P" and "V" to Iuliano Decl.)

### B.    The Franchise Agreements

As set forth in greater detail in the Iuliano Decl., filed concurrently herewith, Century 21, as franchisor, and Defendant Heritage have entered into four (4) "Century 21® Real Estate Franchise Agreements." For ease of reference, those Agreements will be referred to herein collectively as the "Franchise Agreements,"

and individually as "First Franchise Agreement," "Second Franchise Agreement," "Third Franchise Agreement" and "Fourth Franchise Agreement." True and correct copies of the Franchise Agreements are attached as Exhibits "C," "K," "P" and "V" to the Iuliano Decl. The commencement date of each Franchise Agreement and the location of the franchise subject of each Franchise Agreement are summarized in the following table:

|  | Commencement Date | Location |
|---|---|---|
| First Franchise Agreement | September 1, 2000 | 3249 Mt. Diablo Suite 101 Lafayette, CA 94549 |
| Second Franchise Agreement | September 1, 2000 | 185 Railroad Avenue Danville, CA 94526 |
| Third Franchise Agreement | April 1, 2001 | 6211 LaSalle Oakland, CA 94611 |
| Fourth Franchise Agreement | July 1, 2001 | 1983 Second Street Livermore, CA 94550 |

As further set forth in the Iuliano Decl., in each Franchise Agreement, Defendants Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill each represented themselves to be the sole shareholders of Heritage and to be officers in the corporation. (Iuliano Decl., at ¶¶ 7, 20, 32 and 44.)

Pursuant to the Franchise Agreements, Heritage was granted a non-exclusive right to use the CENTURY 21 System and certain CENTURY 21 trademarks in connection with a specified real estate brokerage office. In return, and as set forth in each Franchise Agreement, Heritage agreed, among other things, to:

    a.    Continuously operate the Franchises and not to abandon them;

    b.    Pay a "royalty fee" equal to six percent (6%) of the gross revenue earned, derived, and/or received by Heritage and its affiliates from certain transactions, with a minimum royalty fee of Five Hundred Dollars ($500) each month;

    c.    Pay into the National Advertising Fund ("NAF") an amount

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

equal to two percent (2%) of Heritage's gross revenues and advertising expenses; and

        d.    Permit Century 21 to conduct an audit of Heritage's books, tax returns and records, and to pay, with interest, any sums found due but not previously paid as royalty fees or NAF fees, together with the audit fees and any expenses, including attorney's fees, incurred by Century 21 in collecting the past due royalty and NAF fees.

(Iuliano Decl., at ¶¶ 10, 23, 35, 47.)

### C.    The Personal Guarantys

In order to secure Heritage's prompt payment and performance of its obligations under the Franchise Agreements, Defendants Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill each agreed to and did execute a "Guaranty of Payment and Performance" (collectively the "Personal Guarantys") for each Franchise Agreement. (Iuliano Decl., at ¶¶ 11, 24, 36, 48. True and correct copies of those Personal Guarantys are attached as Exhibits "D," "L," "Q" and "W" to the Iuliano Decl.

### D.    The Advance Notes and the Expansion Note

        1.    The First Franchise Agreement Advance Notes and Expansion Note

As set forth in greater detail in the Iuliano Decl., in order to assist Defendants with the establishment of their real estate brokerage office to operate under the First Franchise Agreement, Century 21 agreed to lend collectively to Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill the total sum of five hundred forty-seven thousand dollars ($547,000). (Iuliano Decl., at ¶ 12.) To confirm those loans, and their obligation to repay same, Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill each executed and delivered a series of "Development Advance Promissory Notes." (Iuliano Decl., at ¶ 12.) More specifically, on or about September 1, 2000, Heritage, Mr. Schlendorf, Ms.

Schlendorf and Ms. Churchill executed a delivered a "Development Advance Promissory Note," reflecting a loan in the principal amount of $402,500. (Iuliano Decl., at ¶ 12.) A true and correct copy of that "Development Advance Promissory Note" is attached as Exhibit "E" to the Iuliano Decl. On or about February 8, 2002, Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill executed a delivered a "Development Advance Promissory Note," reflecting a loan in the principal amount of $20,000. (Iuliano Decl., at ¶ 12.) A true and correct copy of that "Development Advance Promissory Note" is attached as Exhibit "F" to the Iuliano Decl. On or about October 25, 2002, Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill executed a delivered a "Development Advance Promissory Note," reflecting a loan in the principal amount of $24,500. (Iuliano Decl., at ¶ 12.) A true and correct copy of that "Development Advance Promissory Note" is attached as Exhibit "G" to the Iuliano Decl. Finally, on or about January 1, 2005, Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill executed a delivered an "Expansion Promissory Note," reflecting a loan in the principal amount of $100,000. (Iuliano Decl., at ¶ 12.) A true and correct copy of that "Expansion Promissory Note" is attached as Exhibit "H" to the Iuliano Decl.

Each of the Development Advance Promissory Notes referenced above required Defendants to re-pay one-ninth (1/9) of its principal each year if certain targets for gross revenues, as defined in the Notes, were not met.

The Expansion Promissory Note provides for repayment in three installments of $37,077.42, payable June 30, 2006, September 30, 2006, and December 31, 2006.

Both the Development Advance Promissory Notes and the Expansion Promissory Note provide that the entire balance can be declared due if Defendants suspend business or upon the breach or default by Defendants of their obligations under any other agreement between Century 21 and Defendants, including but not limited to the Franchise Agreements.

### 2. The Second Franchise Agreement Note

As set forth in greater detail in the Iuliano Decl, in order to assist Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill with the establishment of their real estate brokerage office to operate under the Second Franchise Agreement, Century 21 agreed to lend to collectively to Heritage, Mr. Schlendorf, ms. Schlendorf, and Ms. Churchill the sum of one hundred sixty thousand dollars ($160,000). (Iuliano Decl., ¶ 25.) To confirm that loan, and their obligation to repay same, Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill each executed and delivered a "Development Advance Promissory Note," dated December 11, 2000. (Iuliano Decl., ¶ 25.) A true and correct copy of that "Development Advance Promissory Note" is attached as Exhibit "M" to the Iuliano Decl.

The Development Advance Promissory Note required Defendants to re-pay one-ninth (1/9) of its principal each year if certain targets for gross revenues, as defined in the Note, were not met.

The Development Advance Promissory Note also provides that the entire balance can be declared due if Defendants suspend business or upon the breach or default by Defendants of their obligations under any other agreement between Century 21 and Defendants, including but not limited to the Franchise Agreements.

### 3. The Third Franchise Agreement Notes

As set forth in greater detail in the Iuliano Decl., in order to assist Defendants with the establishment of their real estate brokerage office to operate under the Third Franchise Agreement, Century 21 agreed to lend collectively to Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill the total sum of two hundred sixty thousand dollars ($260,000). (Iuliano Decl., at ¶ 37.) To confirm those loans, and their obligation to repay same, Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill each executed and delivered a series of "Development Advance Promissory Notes." (Iuliano Decl., at ¶ 37.) More

-6-
POINTS AND AUTHORITIES IN SUPPORT OF APPLICATIONS FOR RTO
CASE NO. C 06-7809 WDB

specifically, on or about March 30, 2001, Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill executed a delivered a "Development Advance Promissory Note," reflecting a loan in the principal amount of $200,000. (Iuliano Decl., at ¶ 37.) A true and correct copy of that "Development Advance Promissory Note" is attached as Exhibit "R" to the Iuliano Decl. On or about August 6, 2002, Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill executed a delivered a "Development Advance Promissory Note," reflecting a loan in the principal amount of $60,000. (Iuliano Decl., at ¶ 37.) A true and correct copy of that "Development Advance Promissory Note" is attached as Exhibit "S" to the Iuliano Decl.

Both of the Development Advance Promissory Notes referenced in the preceding paragraph required Defendants to re-pay one-ninth (1/9) of the principal each year if certain targets for gross revenues, as defined in the Notes, were not met.

The Development Advance Promissory Notes also provide that the entire balance can be declared due if Defendants suspend business or upon the breach or default by Defendants of their obligations under any other agreement between Century 21 and Defendants, including but not limited to the Franchise Agreements.

### 4. The Fourth Franchise Agreement Note

As set forth in greater detail in the Iuliano Decl, in order to assist Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill with the establishment of their real estate brokerage office to operate under the Fourth Franchise Agreement, Century 21 agreed to lend to collectively to Heritage, Mr. Schlendorf, ms. Schlendorf, and Ms. Churchill the sum of eighty-five thousand dollars ($85,000). (Iuliano Decl., ¶ 49.) To confirm that loan, and their obligation to repay same, Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill each executed and delivered a "Development Advance Promissory Note," dated July 9, 2001. (Iuliano Decl., ¶ 49.) A true and correct copy of that "Development Advance

Promissory Note" is attached as Exhibit "X" to the Iuliano Decl.

The Development Advance Promissory Note required Defendants to re-pay one-ninth (1/9) of its principal each year if certain targets for gross revenues, as defined in the Note, were not met.

The Development Advance Promissory Note also provides that the entire balance can be declared due if Defendants suspend business or upon the breach or default by Defendants of their obligations under any other agreement between Century 21 and Defendants, including but not limited to the Franchise Agreements.

E.    Breaches by Defendants

At some time after entering into the Franchise Agreements, Personal Guarantys, Development Advance Notes and Expansion Note, Defendants abandoned and/or ceased operating their franchises. (Iuliano Decl., at ¶¶ 16, 28, 40, 52.) Century 21 determined that Defendants had removed the Century 21 trademarks from the businesses and were no longer operating at the locations set forth in each of the four (4) Franchise Agreements. (*Id.*) In addition, Defendants have failed to respond to communications sent to them by Century 21. (*Id.*)

On or about August 6, 2006, Century 21 informed Defendants in writing that their abandonment of the business constituted a material breach of the various Agreements they had entered into with Century 21, and that due to their breach, Century 21 was terminating the Agreements effective as of August 30, 2006. (Iuliano Decl., at ¶¶ 17, 29, 41, 53.) Defendants were also told that they were in default of their payment obligations. True and correct electronic copies of Century 21's letters are attached as Exhibits "I," "N," "T" and "Y" to the Iuliano Decl.

Additionally, as set forth in the Iuliano Decl., Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill each have failed to make the payments due to Century 21 of the royalty fees, NAF fees, and related charges due under the Franchise Agreements and Personal Guarantys, and have also failed to make the payment of the amounts due under the Development Advance Notes and

Expansion Notes. (Iuliano Decl., at ¶¶ 18, 30, 42 and 54.) The total amounts due and owing under each Franchise Agreement, Note and Personal Guaranty, as of November 6, 2006, are set forth in the following table.

|  | **Heritage** | **Mr. Schlendorf** | **Ms. Schlendorf** | **Ms. Churchill** |
|---|---|---|---|---|
| First Franchise Agreement | $33,964.55 | $33,964.55 | $33,964.55 | $33,964.55 |
| First Development Advance Notes | $208,766.42 | $208,766.42 | $208,766.42 | $208,766.42 |
| First Expansion Note | $111,242.56 | $111,242.56 | $111,242.56 | $111,242.56 |
| Second Franchise Agreement | $42,105.29 | $42,105.29 | $42,105.29 | $42,105.29 |
| Second Development Advance Note | $71,111.00 | $71,111.00 | $71,111.00 | $71,111.00 |
| Third Franchise Agreement | $34,689.75 | $34,689.75 | $34,689.75 | $34,689.75 |
| Third Development Advance Notes | $144,445.09 | $144,445.09 | $144,445.09 | $144,445.09 |
| Fourth Franchise Agreement | $52,785.32 | $52,785.32 | $52,785.32 | $52,785.32 |
| Fourth Development Advance Note | $47,221.82 | $47,221.82 | $47,221.82 | $47,221.82 |

In addition, pursuant to the terms of each Franchise Agreement, in the event of a termination of the Agreement due to the material breach by Defendants, Century 21 is entitled to recover lost future profits calculated as follows based on a formula as set forth in each Franchise Agreement at Section 19A: the combined monthly average of all fees under the Agreement from inception to termination multiplied by the number of months (or partial months) remaining in the term of the Agreement, the present value of these amounts discounted at a rate of eight percent (8%). (Iuliano Dec., at ¶¶ 19, 31, 43 and 55.) Pursuant to this calculation, and as of November 6, 2006, Defendants owe Century 21 the following sums under the referenced provision for lost future profits:

| | |
|---|---|
| First Franchise Agreement: | $1,294,043.54 |
| Second Franchise Agreement: | $1,841,533.58 |
| Third Franchise Agreement: | $1,746,656.25 |
| Fourth Franchise Agreement: | $1,370,261.63 |

In summary, the total owed to Century 21 by the Defendants in this action, as of November 6, 2006, is as follows:

| | |
|---|---|
| First Franchise Agreement, Guaranty and Notes | $1,648,017.07 |
| Second Franchise Agreement, Guaranty and Note | $1,954,749.87 |
| Third Franchise Agreement, Guaranty and Notes | $1,925,791.09 |
| Fourth Franchise Agreement, Guaranty and Note | $1,470,268.77 |
| **TOTAL** | **$6,998,826.80** |

F.  Attorney's Fees

As discussed in the Declaration of Gary J. Lorch, filed concurrently herewith, each of the Franchise Agreements at issue in this case includes an "attorney's fees" provision pursuant to which the prevailing party is entitled to recover all litigation costs and expenses, including attorney's fees, in any action brought to enforce the terms and conditions of the Franchise Agreement. The pertinent paragraphs of the respective Franchise Agreements at which the

attorney's fees provision is found are set forth below for the Court's convenience:

        First Franchise Agreement – page 37, paragraph 20;

        Second Franchise Agreement – page 37, paragraph 20;

        Third Franchise Agreement – page 37, paragraph 20; and

        Fourth Franchise Agreement – page 37, paragraph 20.

Century 21 currently is being charged the following hourly rates by its attorneys in this case: $335 for partners; $265 for associates; and $150 for paralegals. Counsel for Century 21 estimates that Century 21 will incur attorney's fees of not less than $77,750, through judgment, in this action. This amount includes, but is not limited to, the drafting of the Complaint, preparation of the Applications for Right to Attach Orders and related supporting Declarations, preparing for and participating in the Rule 26 Meeting of Counsel, propounding written discovery (interrogatories, requests for admissions, and document requests), responding to discovery propounded by Defendants, preparing a motion for summary judgment, and preparing for and conducting trial. In addition, counsel estimates that Century 21 will incur costs of not less than $6,000 which includes, but is not limited to, the initial filing fee, service of process fees, and fees for depositions.

## II.    LEGAL ANALYSIS

    A.    <u>This Court Is To Apply State Law Remedies</u>

Pursuant to Federal Rule of Civil Procedure 64, a plaintiff may invoke whatever remedies are provided under federal law or under the law of the state in which the federal court is located for "seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action . . . . The remedies thus available include . . . attachment . . . ." See, also, *Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552 (9th Cir. 1992); *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1521 (11th Cir. 1994). Because few federal statutes specifically deal with pretrial seizure of property,

federal courts generally utilize and apply whatever prejudgment remedies provided by state law.

In California, attachment is a prejudgment remedy that allows a creditor to have a lien on the debtor's assets until final adjudication of the claim sued upon. (See California Code of Civil Procedure ("CCP") § 481.010-493.060.) At the hearing on a request for the issuance of a right to attach order, the court shall consider the showing made by the appearing parties and shall issue a right to attach order if it finds all of the following:

(1)   The claim upon which the attachment is based is one upon which an attachment may be issued. CCP § 484.090(a)(1).

(2)   The plaintiff has established the probable validity of the claim upon which the attachment is based. CCP § 484.090(a)(2).

(3)   The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based. CCP § 484.090(a)(3).

(4)   The amount to be secured by the attachment is greater than zero. CCP § 484.090(a)(4).

Additionally, if the court finds that the defendants have failed to prove that all of the property to be attached is exempt from attachment, it shall order a writ of attachment to be issued, upon the filing of an undertaking in the statutory amount. (See CCP § 484.090(b).)

B.   **Century 21 Satisfies All Statutory Requirements For Issuance Of Right To Attach Orders and Orders For Issuance Of Attachment as Against Each Defendant**

1.   **The Claim Is One Upon Which Attachment May Be Issued**

California Code of Civil Procedure § 483.010 provides that an attachment may be issued if the claim sued upon is (a) a claim for money based upon a contract, express or implied, of a fixed or readily ascertainable amount not less than $500.00, exclusive of costs, interest, and attorney's fees, (b) that is not

secured by an interest in real property or that was originally secured by the security has become valueless or has decreased in value to less than the amount owing to plaintiff, and (c) that is a commercial claim (i.e. one arising from Defendants' trade, business, or profession).

In this case, Century 21 has an unsecured claim for an amount well in excess of $500.00 that is based on written contracts for the performance and provision of commercial goods and services – the Franchise Agreements. (See, Iuliano Decl.) Accordingly, attachment is authorized.

### 2. Century 21 Has Established The Probable Validity Of Its Claim

California Code of Civil Procedure § 481.090 provides:

> A claim has "probable validity" where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim.

As demonstrated by the Iuliano Decl., Century 21 has established at least a prima facie case that it will obtain a judgment against each Defendant.

### 3. Century 21 Does Not Seek The Attachment For Any Purpose Other Than Recovery On The Claim Upon Which The Attachment Is Based

Century 21 seeks the right to attach orders and orders for issuance of a writ of attachment solely for the purpose of securing a judgment on its Complaint in the action and as a provisional remedy against Defendants Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill.

### 4. The Amount Century 21 Seeks To Have Secured By The Attachment Is Greater Than Zero

The amount to be secured by this attachment is the principal sum of $7,082,576.80 as against Heritage, Mr. Schlendorf, Ms. Schlendorf and Ms. Churchill, which includes estimated allowable attorney's fees of $77,750.00 and estimated costs of $6,000.00. (See, Iuliano Decl. and Lorch Decl.)

### 5. The Property Century 21 Seeks To Attach Is Non-Exempt

The property Century 21 seeks to attach is the property of the defendants and is not exempt. (See CCP § 487.010(a), (c)(1).)

### III. CONCLUSION

For all the foregoing reasons, Century 21 respectfully requests that this Court issue the requested Right to Attach Orders and Orders for Issuance of Writs of Attachment.

Respectfully submitted,

Dated: December 21, 2006

CALVIN E. DAVIS
GARY J. LORCH
LISA K. GARNER

By: _____
GARY J. LORCH
Attorneys for Plaintiff CENTURY 21 REAL ESTATE LLC

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071