Michael J. Low (SBN 178517)
J. John Kelly III (SBN 55799)
Youngman, Ericsson & Low, LLP
1981 North Broadway, Suite 300
Walnut Creek, California 94596
(925) 930-6000
(925) 934-5377 facsimile

Attorneys for Defendants
John W. Schlendorf, Susanna Schlendorf
 and Sereta Ann Churchill

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, a Delaware limited liability company, formerly known as CENTURY 21 REAL ESTATE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HERITAGE REAL ESTATE, INC., a California corporation doing business as CENTURY 21 HERITAGE REAL ESTATE and HERITAGE REAL ESTATE; JOHN W. SCHLENDORF, JR., an individual; SUSANNA SCHLENDORF, an individual; and SERETA CHURCHILL, an individual,<br><br>Defendants. | **Case No. C 06 7809 WDR**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Date:<br>Time:<br>Dept:<br><br>Trial Date: |

    JOHN W. SCHLENDORF, JR., an individual; SUSANNA SCHLENDORF, an individual; and SERETA CHURCHILL, an individual, answer Plaintiff's Complaint as follows:

    1.    Defendants admit the averments set forth in paragraph 1 of Plaintiff's Complaint (hereafter the "Complaint.").

    2.    Defendants admit the averments set forth in paragraph 2 of the Complaint.

    3.    Defendants deny the averments of paragraph 3 of the Complaint.

4.   Defendants admit that defendant Heritage Real Estate, Inc. entered in four franchise agreements with Plaintiff in Lafayette, California; in Danville, California; in Oakland, California; and in Livermore, California.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments of Exhibits A, B, C and D, which are incorporated by reference into this paragraph and on that basis deny the remaining averments of paragraph 4 of the Complaint.

5.   Defendants admit that defendant Heritage Real Estate, Inc. became a franchisee of Plaintiff as a real estate brokerage business.  Defendants lack sufficient knowledge or information to form a belief as to the averments of Exhibits A, B, C and D, which are incorporated by reference and the specific terms of these agreements as averred in the remainder of this paragraph 5 and on that basis deny the remaining averments of paragraph 5, including the terms of the averments of Exhibits E, F, G and H incorporated by reference into paragraph 5 of the Complaint.

6.   Defendants lack sufficient knowledge or information to form a belief as to the averments of the terms of the Addenda to the agreements as averred, and as to the terms of the promissory notes averred as Exhibits I, J, K, L, M, N, O and P, and on that basis deny this paragraph 6 and the averments of Exhibits I, J, K, L, M, N, O and P, which are incorporated by reference into paragraph 6, and on that basis deny the averments of said paragraph 6 of the Complaint.

7.   Defendants lack sufficient knowledge or information to form a belief as to the averments of the terms of the Security Agreements and the averments of Exhibits Q, R, S and T, which are incorporated by reference and on that basis deny the averments of said paragraph 7 of the Complaint.

8.   Defendants deny the averments of paragraph 8 of the Complaint.

9.   Defendants deny the averments of paragraph 9 of the Complaint.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph 10(a), 10(b), 10(c) and 10(d) and on that basis deny the averments of said paragraph 10 and each its subparagraphs of the Complaint.

11. Defendants deny the averments of paragraph 11 of the Complaint.

12. Defendants deny the averments of paragraph 12 of the Complaint.

13. Defendants admit or deny the averments set forth in paragraph 13 of the Complaint to the same extent as set forth in their responses to the incorporated paragraphs.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 14 of the Complaint and on that basis deny the averments of paragraph 14 of the Complaint.

15. Defendants deny the averments set forth a paragraph 15 of the Complaint.

16. Defendants deny the averments set forth a paragraph 16 of the Complaint.

17. Defendants deny the averments set forth a paragraph 17 of the Complaint.

18. Defendants deny the averments set forth a paragraph 18 of the Complaint.

19. Defendants admit or deny the averments set forth in paragraph 19 of the Complaint to the same extent as set forth in their responses to the incorporated paragraphs.

20. Defendants deny the averments set forth in paragraph 20 of the Complaint.

21. Defendants deny the averments set forth in paragraph 21 of the Complaint.

22. Defendants deny the averments set forth in paragraph 22 of the Complaint.

23. Defendants deny the averments set forth in paragraph 23 of the Complaint.

24. Defendants deny the averments set forth in paragraph 24 of the Complaint.

25. Defendants admit or deny the averments set forth in paragraph 25 of the Complaint to the same extent as set forth in their responses to the incorporated paragraphs.

26. Defendants deny the averments set forth in paragraph 26 of the Complaint.

27. Defendants deny the averments set forth in paragraph 27 of the Complaint.

28. Defendants deny the averments set forth in paragraph 28 of the Complaint.

29. Defendants deny the averments set forth in paragraph 29 of the Complaint.

YOUNGMAN, ERICSSON & LOW, LLP
1981 NO. BROADWAY, SUITE 300
WALNUT CREEK, CA 94596
(925) 930-6000

30. Defendants admit or deny the averments set forth in paragraph 30 of the Complaint to the same extent as set forth in their responses to the incorporated paragraphs.

31. Defendants deny the averments set forth in paragraph 31 of the Complaint.

32. Defendants deny the averments set forth in paragraph 32 of the Complaint.

33. Defendants deny the averments set forth in paragraph 33 of the Complaint.

34. Defendants admit or deny the averments set forth in paragraph 34 of the Complaint to the same extent as set forth in their responses to the incorporated paragraphs.

35. Defendants deny the averments set forth in paragraph 35 of the Complaint.

36. Defendants deny the averments set forth in paragraph 36 of the Complaint.

37. Defendants deny the averments set forth in paragraph 37 of the Complaint.

38. Defendants admit or deny the averments set forth in paragraph 38 of the Complaint to the same extent as set forth in their responses to the incorporated paragraphs.

39. Defendants deny the averments set forth in paragraph 39 of the Complaint.

40. Defendants deny the averments set forth in paragraph 40 of the Complaint.

41. Defendants admit or deny the averments set forth in paragraph 41 of the Complaint to the same extent as set forth in their responses to the incorporated paragraphs.

42. Defendants deny the averments set forth in paragraph 42 of the Complaint.

43. Defendants deny the averments set forth in paragraph 43 of the Complaint.

44. Defendants deny the averments set forth in paragraph 44 of the Complaint.

45. Defendants admit or deny the averments set forth in paragraph 45 of the Complaint to the same extent as set forth in their responses to the incorporated paragraphs.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments of Exhibits A, B, C and D incorporated by reference into paragraph 46 and on that basis deny the averments of this paragraph 46 of the Complaint.

47. Defendants deny the averments set forth in paragraph 47 of the Complaint.

48. Defendants deny the averments set forth in paragraph 48 of the Complaint.

49. Defendants deny the averments set forth in paragraph 49 of the Complaint.

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses to the Complaint, Defendants allege:

**FIRST AFFIRMATIVE DEFENSE**

(Statute of Limitations)

1. PLAINTIFF's Complaint, and each cause of action thereof, is barred by the applicable statute of limitations, including, but not limited to, those set forth in California Code of Civil Procedure, section 337 subdivision (1), section 338 subdivision (a), section 338 subdivision (d), section 339 and section 343.

**SECOND AFFIRMATIVE DEFENSE**

(Estoppel)

2. ANSWERING DEFENDANTS allege that by reason of PLAINTIFF's conduct and reliance thereon by ANSWERING DEFENDANTS, PLAINTIFF is estopped from asserting each of the claims set forth in the Complaint against ANSWERING DEFENDANTS.

**THIRD AFFIRMATIVE DEFENSE**

(Waiver)

3. ANSWERING DEFENDANTS allege that PLAINTIFF has waived all of its causes of action alleged against ANSWERING DEFENDANTS as set forth in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

(Laches)

4. PLAINTIFF's Complaint, and each cause of action thereof, is barred by the equitable doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

5. There was an accord and satisfaction with respect to the alleged agreement between the plaintiff and the answering defendant that precludes any claims by the plaintiff with respect to the original alleged agreement.

YOUNGMAN, ERICSSON & LOW, LLP
1981 NO. BROADWAY, SUITE 300
WALNUT CREEK, CA 94596
(925) 930-6000

## **SIXTH AFFIRMATIVE DEFENSE**

(Failure of Consideration)

6. There was a failure of consideration with respect to the alleged agreement between the plaintiff and the answering defendants that bars the plaintiff's claims.

PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That the plaintiff takes nothing by its Complaint;
2. For reasonable attorneys' fees;
3. For costs of suit; and
4. For such other relief as the Court may deem just or proper.

Dated: January 18, 2007                    Respectfully submitted,

YOUNGMAN, ERICSSON & LOW, LLP

_____
J. JOHN KELLY
Attorney for Defendants

SCHLENDORF JOHN (CENTURY 21 -- C 067809 WDR)\Pleadings\DFTS ANSWER TO PLTFS COMPLAINT -- 1-10-06.DOC

YOUNGMAN, ERICSSON & LOW, LLP
1981 NO. BROADWAY, SUITE 300
WALNUT CREEK, CA 94596
(925) 930-6000

**YOUNGMAN, ERICSSON & LOW, LLP**
1981 NO. BROADWAY, SUITE 300
WALNUT CREEK, CA 94596
(925) 930-6000

**PROOF OF SERVICE BY MAIL**

I, Harriet Marmah, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 1981 North Broadway, Suite 300, Walnut Creek, California 94596.

On January 18, 2007, I served the following document(s) described as:

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Calvin E. Davis
Gary J. Lorch
Lisa K. Garner
GORDON & REES, LLP
633 West 5th Street, Suite 4900
Los Angeles, California 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
Email: cdavis@gordonrees.com
Email: glorch@gordonrees.com
Email: lgarner@gordonrees.com

☑ **BY MAIL**: I am readily familiar with the firm's business practice at my place of business for collection and processing correspondence for mailing with the United States Postal Service. Under the practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Walnut Creek, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☑ **FEDERAL:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 18, 2007, at Walnut Creek, California.


Harriet Marmah
Printed Name:                              Signature:

**PAGE 1**
**Proof of Service**