1  CALVIN E. DAVIS (SBN: 101640)
2  GARY J. LORCH (SBN: 119989)
   GORDON & REES LLP
3  633 West Fifth Street, Suite 4900
   Los Angeles, CA 90071
4  Telephone: (213) 576-5000
   Facsimile: (213) 680-4470
5  Email: cdavis@gordonrees.com
   Email: glorch@gordonrees.com

6  Attorneys for Plaintiff
   CENTURY 21 REAL ESTATE LLC
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 | CENTURY 21 REAL ESTATE LLC, a          ) Case No. CV 06-7809 WDB
      Delaware limited liability company,     )
12 | formerly known as CENTURY 21 REAL       ) **APPLICATION FOR ENTRY OF**
      ESTATE CORPORATION, a Delaware         ) **DEFAULT JUDGMENT BY**
13 | corporation,                            ) **COURT AGAINST DEFENDANT**
                                             ) **HERITAGE REAL ESTATE,**
14 |                        Plaintiff,        ) **INC.**
                                             )
15 |            vs.                           ) Date: To Be Determined By Court
                                             ) Time: To Be Determined by Court
16 | HERITAGE REAL ESTATE, INC., a           ) Crtm: To Be Determined by Court
      California corporation doing business as )
17 | CENTURY 21 HERITAGE REAL                 )
      ESTATE and HERITAGE REAL              )
18 | ESTATE; JOHN W. SCHLENDORF,             )
      JR., an individual; SUSANNA            )
19 | SCHLENDORF, an individual; and          )
      SERETA CHURCHILL, an individual,       )
20 |                                          )
                        Defendants.          )
21 |                                          )
   |————————————————————————————)
22

23 **TO THIS HONORABLE COURT:**

24        Plaintiff CENTURY 21 REAL ESTATE LLC ("Plaintiff" or "Century 21")

25 hereby respectfully applies for entry by this Court of a Default Judgment as against

26 Defendant HERITAGE REAL ESTATE, INC. ("Heritage"), providing for the

27 recovery of the principal amount of $6,998,826.80, pre-judgment interest at the

28 daily rate of $346.77 from August 30, 2006, to the date Judgment is entered by this

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Court, attorney's fees and costs in the amount of not less than $27,730.00, recovery of the personal property subject of the Security Agreements identified in and subject of the Complaint on file herein, an accounting and/or audit of said Defendant's books and records in order to determine any additional amounts due and owing from said Defendant to Plaintiff, with any such additional amounts to be included in this Judgment, and recovery of Plaintiff's costs of suit incurred herein.

This Application will be and hereby is based on the grounds that:

(a)    Said Defendant was served on December 30, 2006, with a Summons and Complaint;

(b)    Pursuant to Federal Rule of Civil Procedure 12, said Defendant was required to file a responsive pleading not later than January 19, 2007;

(c)    Said Defendant failed to file a timely responsive pleading, and failed to make any appearance in this action;

(d)    On request of Plaintiff, the Clerk of this Court entered the Default of said Defendant on February 5, 2007;

(e)    Said Defendant is a corporation, and is neither a minor nor an incompetent;

(f)    Said Defendant is not in the military service, and the Soldiers' and Sailors' Civil Relief Act does not apply in this case;

(g)    Plaintiff is entitled to Judgment against said Defendant on account of the claims pleaded in the Complaint on file herein, to wit: (1) breach of contract (*i.e.*, the four (4) Franchise Agreements identified in, and subject of, the Complaint); (2) breach of the Promissory Notes identified in, and subject of, the Complaint; (3) account stated; (4) money lent; (5) quantum meruit, (6) breach of the Security Agreements identified in, and subject of, the Complaint, and (7) an accounting of said Defendant's books and records.

This Application will be and hereby is based upon this Application, the Memorandum of Points and Authorities attached hereto, the Declaration of Debbie

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**
**CASE NO. CV 06-7809 WDB**

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  Iuliano, and Exhibits thereto, filed concurrently herewith, the Declaration of Gary

2  J. Lorch and Exhibits thereto, filed concurrently herewith, and upon such further

3  oral and documentary evidence and argument as may be presented prior to or at

4  any hearing on this Application.

5                                                    Respectfully submitted.

6  Dated:  April 18, 2007                  CALVIN E. DAVIS

7                                                    GARY J. LORCH
                                                     GORDON & REES LLP
8

9

10                                                  By:___//S//_____:

11                                                         GARY J. LORCH
                                                    Attorneys for Plaintiff CENTURY 21 REAL
12                                                  ESTATE LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT
CASE NO. CV 06-7809 WDB**

# TABLE OF CONTENTS

Page(s)

**MEMORANDUM OF POINTS AND AUTHORITIES** ..................................... 4

I.   STATEMENT OF PERTINENT FACTS GIVING RISE TO THIS
     ACTION .......................................................................................................... 4

     A.   The Parties ............................................................................................. 4

     B.   The Franchise Agreements .................................................................... 4

     C.   The Advance Notes and the Expansion Note ....................................... 6

     D.   The Security Agreements ...................................................................... 9

     E.   Breaches by Heritage ............................................................................ 9

II.  PROCEDURAL HISTORY .......................................................................... 10

III. LEGAL ANALYSIS ..................................................................................... 10

     A.   As A Result Of Heritage's Default, Liability Has Been
          Established ........................................................................................... 10

     B.   The Damage Calculations ................................................................... 11

     C.   Pre-Judgment Interest ......................................................................... 15

     D.   Attorney's Fees ................................................................................... 17

     E.   Century 21 Is Entitled To Possession Of The Collateral Subject
          Of The Security Agreements ............................................................... 18

IV.  CONCLUSION ............................................................................................. 18

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT
CASE NO. CV 06-7809 WDB**

1

# <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**Cases**

4

*Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*,
  722 F.2d 1319 (7th Cir. 1983)..................................................................10

5

*TeleVideo Systems, Inc. v. Heidenthal*,
  826 F.2d 915, 917 (9th Cir. 1987).............................................................10

6

7

8

**Statutes**

9

Title 2C New Jersey Statutes, Chapter 21 ...............................................16

10

Title 31 New Jersey Statutes, Chapter 1 .................................................16

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT
CASE NO. CV 06-7809 WDB**

1
2
3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF REQUEST FOR ENTRY OF DEFAULT JUDGMENT**
**AGAINST DEFENDANT HERITAGE REAL ESTATE, INC.**

4    Plaintiff CENTURY 21 REAL ESTATE LLC ("Plaintiff" or "Century 21")

5  hereby respectfully submits the following Memorandum of Points and Authorities

6  in support of Application for Entry of a Default Judgment against Defendant

7  HERITAGE REAL ESTATE, INC. ("Heritage" or "Defendant").

8  **I.    STATEMENT OF PERTINENT FACTS GIVING RISE TO THIS**

9  **ACTION**

10    A.    The Parties

11    Plaintiff Century 21 is a real estate agent franchise company now owned by

12  Realogy Corporation (formerly Cendant).  (Declaration of Debbie Iuliano ("Iuliano

13  Decl."), ¶ 3).    Century 21 was formerly known as Century 21 Real Estate

14  Corporation.  (Iuliano Dec., ¶ 3.)

15    At all times herein relevant, Heritage was and is a California corporation

16  registered to do business under the fictitious names "Century 21 Heritage Real

17  Estate" and "Heritage Real Estate."  (Iuliano Dec., ¶¶ 4, 5 and Exhibits "A" and

18  "B" to Iuliano Decl.)[1]

19    B.    The Franchise Agreements

20    As set forth in greater detail in the Iuliano Decl., filed concurrently herewith,

21  Century 21, as franchisor, and Defendant Heritage entered into four (4) "Century

22  21® Real Estate Franchise Agreements."  For ease of reference, those Agreements

23  will be referred to herein collectively as the "Franchise Agreements," and

24  individually as the "First Franchise Agreement," "Second Franchise Agreement,"

25  "Third Franchise Agreement" and "Fourth Franchise Agreement."    True and

26  correct copies of the Franchise Agreements are attached as Exhibits "C," "K," "P"

27
28

[1]    Defendants John W. Schlendorf, Jr., Susanna Schlendorf and Sereta Churchill have appeared in this action and each has filed Bankruptcy Petitions. Accordingly, this action is stayed as to these individual defendants.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**
**CASE NO. CV 06-7809 WDB**

and "V" to the Iuliano Decl.    The commencement date of each Franchise Agreement and the location of the franchise subject of each Franchise Agreement are summarized in the following table:

|  | Commencement Date | Location |
|---|---|---|
| First Franchise Agreement | September 1, 2000 | 3249 Mt. Diablo Suite 101 Lafayette, CA 94549 |
| Second Franchise Agreement | September 1, 2000 | 185 Railroad Avenue Danville, CA 94526 |
| Third Franchise Agreement | April 1, 2001 | 6211 LaSalle Oakland, CA 94611 |
| Fourth Franchise Agreement | July 1, 2001 | 1983 Second Street Livermore, CA 94550 |

Pursuant to the Franchise Agreements, Heritage was granted a non-exclusive right to use the CENTURY 21 System and certain CENTURY 21 trademarks in connection with a specified real estate brokerage office.  In return, and as set forth in each Franchise Agreement, Heritage agreed, among other things, to:

       a.     Continuously operate the Franchises and not to abandon them;

       b.     Pay a "royalty fee" equal to six percent (6%) of the gross revenue earned, derived, and/or received by Heritage and its affiliates from certain transactions, with a minimum royalty fee of Five Hundred Dollars ($500) each month;

       c.     Pay into the National Advertising Fund ("NAF") an amount equal to two percent (2%) of Heritage's gross revenues and advertising expenses; and

/ / /

/ / /

/ / /

/ / /

/ / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1      d.    Permit Century 21 to conduct an audit of Heritage's books, tax

2 returns and records, and to pay, with interest, any sums found due but not

3 previously paid as royalty fees or NAF fees, together with the audit fees and any

4 expenses, including attorney's fees, incurred by Century 21 in collecting the past

5 due royalty and NAF fees.

6 (Iuliano Decl., at ¶ ¶ 9, 22, 34, 46.)

7      C.    The Advance Notes and the Expansion Note

8      1.    The First Franchise Agreement Advance Notes and Expansion

9      Note

10      As set forth in greater detail in the Iuliano Decl., in order to assist Heritage

11 with the establishment of the real estate brokerage office to operate under the First

12 Franchise Agreement, Century 21 agreed to lend to Heritage the total sum of five

13 hundred forty-seven thousand dollars ($547,000).   (Iuliano Decl., at ¶ 10.)   To

14 confirm those loans, and their obligation to repay same, Heritage executed and

15 delivered a series of "Development Advance Promissory Notes." (Iuliano Decl., at

16 ¶ 10.)   More specifically, on or about September 1, 2000, Heritage executed a

17 delivered a "Development Advance Promissory Note," reflecting a loan in the

18 principal amount of $402,500.   (Iuliano Decl., at ¶ 10.)   A true and correct copy of

19 that "Development Advance Promissory Note" is attached as Exhibit "D" to the

20 Iuliano Decl.   On or about February 8, 2002, Heritage executed a delivered a

21 "Development Advance Promissory Note," reflecting a loan in the principal

22 amount of $20,000.   (Iuliano Decl., at ¶ 10.)   A true and correct copy of that

23 "Development Advance Promissory Note" is attached as Exhibit "E" to the Iuliano

24 Decl.   On or about October 25, 2002, Heritage executed a delivered a

25 "Development Advance Promissory Note," reflecting a loan in the principal

26 amount of $24,500.   (Iuliano Decl., at ¶ 10.)   A true and correct copy of that

27 "Development Advance Promissory Note" is attached as Exhibit "F" to the Iuliano

28 Decl.   Finally, on or about January 1, 2005, Heritage executed a delivered an

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

-6-

"Expansion Promissory Note," reflecting a loan in the principal amount of $100,000. (Iuliano Decl., at ¶ 10.) A true and correct copy of that "Expansion Promissory Note" is attached as Exhibit "G" to the Iuliano Decl.

Each of the Development Advance Promissory Notes referenced above required Heritage to re-pay one-ninth (1/9) of its principal each year if certain targets for gross revenues, as defined in the Notes, were not met.

The Expansion Promissory Note provides for repayment in three installments of $37,077.42, payable June 30, 2006, September 30, 2006, and December 31, 2006.

Both the Development Advance Promissory Notes and the Expansion Promissory Note provide that the entire balance can be declared due if Heritage suspended business or upon the breach or default by Heritage of its obligations under any other agreement between Century 21 and Heritage, including but not limited to the Franchise Agreements.

### 2.    The Second Franchise Agreement Note

As set forth in greater detail in the Iuliano Decl, in order to assist Heritage with the establishment of the real estate brokerage office to operate under the Second Franchise Agreement, Century 21 agreed to lend to Heritage the sum of one hundred sixty thousand dollars ($160,000). (Iuliano Decl., ¶ 23.) To confirm that loan, and its obligation to repay same, Heritage executed and delivered a "Development Advance Promissory Note," dated December 11, 2000. (Iuliano Decl., ¶ 23.) A true and correct copy of that "Development Advance Promissory Note" is attached as Exhibit "L" to the Iuliano Decl.

The Development Advance Promissory Note required Heritage to re-pay one-ninth (1/9) of its principal each year if certain targets for gross revenues, as defined in the Note, were not met.

The Development Advance Promissory Note also provides that the entire balance can be declared due if Heritage suspended business or upon the breach or

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**
**CASE NO. CV 06-7809 WDB**

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   default by Heritage of its obligations under any other agreement between Century

2   21 and Heritage, including but not limited to the Franchise Agreements.

3                    3.    The Third Franchise Agreement Notes

4          As set forth in greater detail in the Iuliano Decl., in order to assist Heritage

5   with the establishment of the real estate brokerage office to operate under the Third

6   Franchise Agreement, Century 21 agreed to lend to Heritage the total sum of two

7   hundred sixty thousand dollars ($260,000).  (Iuliano Decl., at ¶ 35.)  To confirm

8   those loans, and its obligation to repay same, Heritage executed and delivered a

9   series of "Development Advance Promissory Notes."   (Iuliano Decl., at ¶ 35.)

10  More specifically, on or about March 30, 2001, Heritage executed a delivered a

11  "Development Advance Promissory Note," reflecting a loan in the principal

12  amount of $200,000.  (Iuliano Decl., at ¶ 35.)  A true and correct copy of that

13  "Development Advance Promissory Note" is attached as Exhibit "Q" to the Iuliano

14  Decl.  On or about August 6, 2002, Heritage executed a delivered a "Development

15  Advance Promissory Note," reflecting a loan in the principal amount of $60,000.

16  (Iuliano Decl., at ¶ 35.)  A true and correct copy of that "Development Advance

17  Promissory Note" is attached as Exhibit "R" to the Iuliano Decl.

18         Both of the Development Advance Promissory Notes referenced in the

19  preceding paragraph required Heritage to re-pay one-ninth (1/9) of the principal

20  each year if certain targets for gross revenues, as defined in the Notes, were not

21  met.

22         The Development Advance Promissory Notes also provide that the entire

23  balance can be declared due if Heritage suspended business or upon the breach or

24  default by Heritage of its obligations under any other agreement between Century

25  21 and Heritage, including but not limited to the Franchise Agreements.

26                    4.    The Fourth Franchise Agreement Note

27         As set forth in greater detail in the Iuliano Decl, in order to assist Heritage

28  with the establishment of its real estate brokerage office to operate under the

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT
CASE NO. CV 06-7809 WDB**

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Fourth Franchise Agreement, Century 21 agreed to lend to Heritage the sum of eighty-five thousand dollars ($85,000).  (Iuliano Decl., ¶ 47.)  To confirm that loan, and its obligation to repay same, Heritage executed and delivered a "Development Advance Promissory Note," dated July 9, 2001.  (Iuliano Decl., ¶ 47.)  A true and correct copy of that "Development Advance Promissory Note" is attached as Exhibit "W" to the Iuliano Decl.

The Development Advance Promissory Note required Heritage to re-pay one-ninth (1/9) of its principal each year if certain targets for gross revenues, as defined in the Note, were not met.

The Development Advance Promissory Note also provides that the entire balance can be declared due if Heritage suspended business or upon the breach or default by Heritage of its obligations under any other agreement between Century 21 and Heritage, including but not limited to the Franchise Agreements.

D.    The Security Agreements

As security for each Franchise Agreement and for the Notes, Heritage entered into Security Agreements for each franchise location, pursuant to which it pledged as collateral all of the furniture, furnishings, equipment, real estate listings and listing agreements, and all related rights, including the proceeds and products therefrom, related to the real estate brokerage businesses.  True and correct copies of the Security Agreements are attached as Exhibits "H," "M," "S," and "X" to the Iuliano Dec.

E.    Breaches by Heritage

At some time after entering into the Franchise Agreements, Development Advance Notes and Expansion Note, Heritage abandoned and/or ceased operating the franchises.  (Iuliano Decl., at ¶¶ 15, 27, 39, 51.) Century 21 determined that Heritage had removed the Century 21 trademarks from the businesses and was no longer operating at the locations set forth in each of the four (4) Franchise Agreements.  (*Id.*)  In addition, Heritage failed to respond to communications sent

1  to them by Century 21. (*Id.*)

2    On or about August 6, 2006, Century 21 informed Heritage in writing that its
3  abandonment of the business constituted a material breach of the various
4  Agreements it had entered into with Century 21, and that due to that breach,
5  Century 21 was terminating the Agreements effective as of August 30, 2006.
6  (Iuliano Decl., at ¶ ¶ 16, 28, 40, 52.)  Heritage was also told that it was in default of
7  its payment obligations.  True and correct electronic copies of Century 21's letters
8  are attached as Exhibits "I," "N," "T" and "Y" to the Iuliano Decl.

9  **II. PROCEDURAL HISTORY**

10    As reflected by this Court's file, Century 21 commenced this action on
11  December 20, 2006.  Thereafter, on December 30, 2006, service of the Summons
12  and Complaint was made on Defendant Heritage.  A true and correct copy of the
13  Proof of Service is attached as Exhibit "AA" to the Declaration of Gary J. Lorch
14  ("Lorch Dec.").

15    Pursuant to Federal Rule of Civil Procedure 12, Defendant Heritage was
16  required to file its responsive pleading within twenty (20) days after being served
17  with the Summons and Complaint, or in this case not later than January 19, 2007.

18    Heritage failed to timely file any response to the Complaint, or to otherwise
19  make any appearance in this case.  Accordingly, on request of Plaintiff, the Clerk
20  of this Court entered the Default of Defendant Heritage on February 5, 2007.

21  **III. LEGAL ANALYSIS**

22    A. As A Result Of Heritage's Default, Liability Has Been Established

23    It is well-established that, upon default, the well-pleaded allegations of the
24  Complaint relating to liability are taken as true.  *Dundee Cement Co. v. Howard*
25  *Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo*
26  *Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).  Accordingly, the
27  liability of Heritage has been established, and no further proof is required.

28  / / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Even if, for any reason, additional proof is required, Century 21 is submitting concurrently herewith the Declaration of Debbie Iuliano. Ms. Iuliano is, and since April 2004 has been, Vice President Real Estate Financial Services for Realogy Corporation ("Realogy"), the parent corporation of Century 21. As part of her job, she is responsible for the oversight of amounts due to Century 21 from its franchisees (*i.e.*, accounts receivable) and for collecting same. In her Declaration, Ms. Iuliano attests to each Franchise Agreement, each Note, each Security Agreement, and each breach by Heritage.

### B.    The Damage Calculations

Ms. Iuliano also attests to the principal amounts due from Heritage as a result of its breaches. Those damages are described and summarized as follows:

#### 1.    The First Franchise Agreement and Notes

Heritage failed to make the payments due to Century 21 of the royalty fees, NAF fees, and related charges due under the First Franchise Agreement. Heritage also failed to make the payments due to Century 21 under the Development Advance Promissory Notes and the Expansion Promissory Note. The total principal amount currently due and owing is $353,973.53, exclusive of pre-judgment interest which has accrued on the outstanding principal balance to date and exclusive of the attorney's fees and costs incurred to date by Century 21 in connection with its efforts to collect this amount. The outstanding principal balance due is broken down as follows:

|  |  |  |
|---|---|---|
| a. | Royalty Fees | $26,360.55 |
| b. | NAF Fees | $7,104.00 |
| c. | Minimum Royalty Fee | $500.00 |
| d. | Development Notes Principal | $208,766.42 |
| e. | Expansion Note Principal | $111,242.56 |

Attached to the Iuliano Dec. as Exhibit "J" is a true and correct copy of a Custom Account Status Report which, with one qualification, sets forth each of the

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT
CASE NO. CV 06-7809 WDB**

1  transactions comprising the total principal amount due.  The qualification is that

2  the "DNP Transactions" column, which is intended to set forth transactions related

3  to the Development Advance Promissory Notes, includes an amount of $71,111

4  more properly allocated to the Development Advance Promissory Note entered

5  into which respect to the Second Franchise Agreement, as discussed below.

6  Century 21 has "backed out" that $71,111, as it is now included in the total

7  principal amounts due in connection with the Second Franchise Agreement.

8          In addition, pursuant to the terms of the First Franchise Agreement, in the

9  event of a termination of the Agreement due to the material breach by Heritage,

10  Century 21 is entitled to recover liquidated damages calculated as follows based on

11  a formula as set forth in the First Franchise Agreement at Section 19A:   the

12  combined monthly average of all fees under the Agreement from inception to

13  termination multiplied by the number of months (or partial months) remaining in

14  the term of the Agreement, the present value of these amounts discounted at a rate

15  of eight percent (8%).  Pursuant to this calculation, Heritage owes to Century 21

16  the sum of $1,294,043.54 under the referenced provision for liquidated damages in

17  the First Franchise Agreement.

18              2.    The Second Franchise Agreements and Note

19          Heritage has failed to make the payments due to Century 21 of the royalty

20  fees, NAF fees, and related charges due under the Second Franchise Agreement.

21  Heritage also has failed to make the payments due to Century 21 under the

22  Development Advance Promissory Note.  The total principal amount currently due

23  and owing is $113,216.29, exclusive of pre-judgment interest which has accrued

24  on the outstanding principal balance to date and exclusive of the attorney's fees

25  and costs incurred by Century 21 in connection with its efforts to collect this

26  amount.  The outstanding principal balance due is broken down as follows:

27  / / /

28  / / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**
**CASE NO. CV 06-7809 WDB**

| | a. | Royalty Fees | $35,000.86 |
| | b. | NAF Fees | $7,104.43 |
| | c. | Development Note Principal | $71,111.00 |

Attached to the Iuliano Dec. as Exhibit "O" is a true and correct copy of a Custom Account Status Report which, with one qualification, sets forth each of the transactions comprising the total principal amount due. The one qualification is that this Custom Account Status Report does not include the principal amounts due for the Development Advance Promissory Note. As discussed above, the amount due for the Development Advance Promissory Note is shown in the Custom Account Status Report prepared for the First Franchise.

In addition, pursuant to the terms of the Second Franchise Agreement, in the event of a termination of the Agreement due to the material breach by Heritage, Century 21 is entitled to recover liquidated damages calculated as follows based on a formula as set forth in the Second Franchise Agreement at Section 19A: the combined monthly average of all fees under the Agreement from inception to termination multiplied by the number of months (or partial months) remaining in the term of the Agreement, the present value of these amounts discounted at a rate of eight percent (8%). Pursuant to this calculation, Heritage owe Century 21 the sum of $1,841,533.58 under the referenced provision for liquidated damages in the Second Franchise Agreement.

### 3. The Third Franchise Agreement and Notes

Heritage has failed to make the payments due to Century 21 of the royalty fees, NAF fees, and related charges due under the Third Franchise Agreement. Heritage also has failed to make the payments due to Century 21 under the Development Advance Promissory Notes. The total principal amount currently due and owing is $179,134.84, exclusive of pre-judgment interest which has accrued on the outstanding principal balance to date and exclusive of the attorney's fees and costs incurred by Century 21 in connection with its efforts to collect this

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT
CASE NO. CV 06-7809 WDB**

1  amount.  The outstanding principal balance due is broken down as follows:

2          a.      Royalty Fees                    $27,333.59

3          b.      NAF Fees                        $7,356.16

4          c.      Development Notes Principal     $144,445.09

5  Attached to the Iuliano Dec. as Exhibit "U" is a true and correct copy of a Custom

6  Account Status Report which sets forth each of the transactions comprising the

7  total principal amount due.

8          In addition, pursuant to the terms of the Third Franchise Agreement, in the

9  event of a termination of the Agreement due to the material breach by Heritage,

10  Century 21 is entitled to recover liquidated damages calculated as follows based on

11  a formula as set forth in the Third Franchise Agreement at Section 19A:  the

12  combined monthly average of all fees under the Agreement from inception to

13  termination multiplied by the number of months (or partial months) remaining in

14  the term of the Agreement, the present value of these amounts discounted at a rate

15  of eight percent (8%).  Pursuant to this calculation, Heritage owes Century 21 the

16  sum of $1,746,656.25 under the referenced provision for liquidated damages in the

17  Third Franchise Agreement.

18                  4.      The Fourth Franchise Agreement and Note

19          Heritage failed to make the payments due to Century 21 of the royalty fees,

20  NAF fees, and related charges due under the Fourth Franchise Agreement.

21  Heritage also failed to make the payments due to Century 21 under the

22  Development Advance Promissory Note.  The total principal amount currently due

23  and owing is $100,007.14, exclusive of pre-judgment interest which has accrued

24  on the outstanding principal balance to date and exclusive of the attorney's fees

25  and costs incurred by Century 21 in connection with its efforts to collect this

26  amount.  The outstanding principal balance due is broken down as follows:

27  / / /

28  / / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

-14-
**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**
**CASE NO. CV 06-7809 WDB**

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

| a. | Royalty Fees | $44,985.32 |
| b. | NAF Fees | $7,800.00 |
| c. | Development Note Principal | $47,221.82 |

Attached to the Iuliano Dec. as Exhibit "Z" is a true and correct copy of a Custom Account Status Report which sets forth each of the transactions comprising the total principal amount due.

In addition, pursuant to the terms of the Fourth Franchise Agreement, in the event of a termination of the Agreement due to the material breach by Heritage, Century 21 is entitled to recover liquidated damages calculated as follows based on a formula as set forth in the Fourth Franchise Agreement at Section 19A:  the combined monthly average of all fees under the Agreement from inception to termination multiplied by the number of months (or partial months) remaining in the term of the Agreement, the present value of these amounts discounted at a rate of eight percent (8%).  Pursuant to this calculation, Heritage owes Century 21 the sum of $1,370,261.63 under the referenced provision for liquidated damages in the Fourth Franchise Agreement.

In summary, the total principal amount owed to Century 21 by Heritage in this action is as follows:

| First Franchise Agreement, Guaranty and Notes | $1,648,017.07 |
| Second Franchise Agreement, Guaranty and Note | $1,954,749.87 |
| Third Franchise Agreement, Guaranty and Notes | $1,925,791.09 |
| Fourth Franchise Agreement, Guaranty and Note | $1,470,268.77 |
| **TOTAL** | **$6,998,826.80** |

C.    Pre-Judgment Interest

1.    Interest on the Amounts Due Under The Franchise Agreements

Each of the Franchise Agreements provides that all fees and contributions that become past due "shall bear interest at the lower rate of either the highest rate allowed by law or a rate that is five (5) percentage points per annum higher than

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT
CASE NO. CV 06-7809 WDB**

1  the 'prime rate' then currently established by the largest bank (determined by total

2  bank assets) headquartered in the state in which Franchisee's Approved Location is

3  situated." (See, First Franchise Agreement, Exhibit "C" to Iuliano Dec., at  page

4  16, paragraph 11, subparagraph B(ii); Second Franchise Agreement, Exhibit "K" to

5  Iuliano Dec., at page 16, paragraph 11, subparagraph B(ii); Third Franchise

6  Agreement, Exhibit "P" to Iuliano Dec., at page 16, paragraph 11, subparagraph

7  B(ii); and Fourth Franchise Agreement, Exhibit "V" to Iuliano Dec., at page 16,

8  paragraph 11, subparagraph B(ii).)

9       Century 21 understands that the highest interest rate permitted by law with

10  respect to corporations in New Jersey[2] is 50%.  See, Declaration of Gary J. Lorch

11  ("Lorch Dec."), filed concurrently herewith, at ¶ 8.[3]  Century 21 understands that

12  the largest bank, as determined by total bank assets, headquartered in California is

13  Wells Fargo Bank.  The prime rate currently in effect at Wells Fargo Bank is

14  8.25%, and 5% higher than that rate is 13.25% per annum.  See, Lorch Dec., at ¶ 8.

15  Accordingly, the lower rate, and the rate to be applied to the unpaid principal

16  balances due under the Franchise Agreements, is 13.25%.  Said rate is to be

17  applied from the effective date of termination of each Franchise (August 30, 2006)

18  to the date Judgment in entered.[4]  See, Complaint, Page 13, Prayer, ¶ 2.

19  / / /

20

21  [2]     Each Franchise Agreement provides that, with limited exception not applicable herein, New Jersey law shall be applied.  See, First Franchise Agreement, Exhibit "C" to Iuliano Dec., at  page 38, paragraph 25; Second Franchise Agreement, Exhibit "K" to Iuliano Dec., at page 38, paragraph 25; Third Franchise Agreement, Exhibit "P" to Iuliano Dec., at page 38, paragraph 25; and Fourth Franchise Agreement, Exhibit "V" to Iuliano Dec., at page 38, paragraph 25.

25  [3]     Title 31 New Jersey Statutes, Chapter 1, Section 1-6 provides that the civil usury rates do not apply to corporations. Title 2C New Jersey Statutes, Chapter 21, Section 21-19 provides for a criminal usury rate of 50%. Accordingly, for those Notes in this case in excess of $50,000, the rate of 18% per annum set forth in the Notes is to be applied.

27  [4]     For the benefit of the Court, the daily rate of interest is set forth in the Lorch Dec.  This Court then need only determine the number of days which have past from August 30, 2006, to the date Judgment is entered.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

-16-
**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT
CASE NO. CV 06-7809 WDB**

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

2. <u>Interest Due On The Outstanding Balances Due On The Notes</u>

The Notes provide that past due balances accrue "simple interest at a rate equal to the lesser of eighteen percent (18%) per annum or the highest rate allowed by law from its due date until paid in full." As noted above, the highest rate of interest allowed under New Jersey law is 50%. (See, footnote 3, above.) Accordingly, the lesser rate of 18% per annum is to be applied to the outstanding principal balances due under the various Notes. Said rates are to be applied from the effective date of termination of each Franchise (August 30, 2006) to the date Judgment in entered.[5] See, Complaint, Page 13, Prayer, ¶ 2.

D. <u>Attorney's Fees</u>

As discussed in the Lorch Dec., each of the Franchise Agreements at issue in this case includes an attorney's fees provision pursuant to which the prevailing party is entitled to recover all litigation costs and expenses, including attorney's fees, in any action brought to enforce the terms and conditions of the Franchise Agreement. The pertinent paragraphs of the respective Franchise Agreements at which the attorney's fees provision is found are set forth below for the Court's convenience:

First Franchise Agreement – page 37, paragraph 20;

Second Franchise Agreement – page 37, paragraph 20;

Third Franchise Agreement – page 37, paragraph 20; and

Fourth Franchise Agreement – page 37, paragraph 20.

Century 21 currently is being charged the following hourly rates by its attorneys in this case: $335 for partners; $265 for associates; and $150 for paralegals. The amount of fees which Century 21 has been charged to date and will be charged up to the expected date of entry of Judgment in connection with the prosecution of its claims against Heritage in this action is not less than $27,730.00,

---

[5] Again, for the benefit of the Court, the daily rate of interest is set forth in the Lorch Dec. This Court then need only determine the number of days which have past from August 30, 2006, to the date Judgment is entered.

1   with an additional amount of not less than $3,727.50 for costs incurred.  See, Lorch

2   Dec., at ¶12.

3           E.      Century 21 Is Entitled To Possession Of The Collateral Subject Of

4                   The Security Agreements

5           Pursuant to California Commercial Code section 9601(a)(1), following

6   default, Century 21, in its capacity as secured party, is entitled to "reduce its claim

7   to judgment, foreclose, or otherwise enforce the claim, security interest, or

8   agricultural lien by any available judicial procedure.

9           In the present case, liability by Heritage both has been deemed admitted by

10  Heritage as a result of its failure to timely respond to the Complaint, and also

11  clearly has been established through the Iuliano Dec.  Accordingly, as part of the

12  Judgment, Century 21 is entitled to an Order compelling Heritage to turn over the

13  collateral subject of the Security Agreements.

**IV.    CONCLUSION**

15          For all the foregoing reasons, Plaintiff Century 21 Real Estate, LLC

16  respectfully requests that Judgment be entered against Defendant Heritage Real

17  Estate, Inc., in the form submitted concurrently herewith.

18                              Respectfully submitted.

19  Dated:  April 18, 2007           CALVIN E. DAVIS
20                                   GARY J. LORCH
                                     GORDON & REES LLP
21

22

23                              By:___//S//_____:
24                                  GARY J. LORCH
                                Attorneys for Plaintiff  CENTURY  21
25                              REAL ESTATE LLC

26

27

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071