CALVIN E. DAVIS (State Bar No. 101640)
GARY J. LORCH (State Bar No. 119989)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
Email: cdavis@gordonrees.com
Email: glorch@gordonrees.com

Attorneys for Plaintiff
CENTURY 21 REAL ESTATE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH

CENTURY 21 REAL ESTATE LLC, a Delaware limited liability company, formerly known as CENTURY 21 REAL ESTATE CORPORATION, a Delaware corporation,

Plaintiff,

vs.

HERITAGE REAL ESTATE, INC., a California corporation doing business as CENTURY 21 HERITAGE REAL ESTATE and HERITAGE REAL ESTATE; JOHN W. SCHLENDORF, JR., an individual; SUSANNA SCHLENDORF, an individual; and SERETA CHURCHILL, an individual,

Defendants.

Case No. C 06-7809 WDB

**DECLARATION OF GARY J. LORCH IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ENTRY OF JUDGMENT BY COURT AGAINST DEFENDANT HERITAGE REAL ESTATE, INC.**

Date: To Be Determined By Court
Time: To Be Determined By Court
Crtm: To Be Determined By Court

I, Gary J. Lorch, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California, and I am admitted to the bar of this Court. I am a partner in the firm of Gordon & Rees LLP, attorneys of record in this action for Plaintiff Century 21 Real Estate LLC ("Plaintiff" or "Century 21"). I am the attorney at Gordon & Rees LLP with primary responsibility for the representation of Century 21 in this case. I have personal knowledge of the facts set forth herein and, if

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

called upon as a witness, I could and would testify competently under oath as to each such fact.

2. On December 20, 2006, on behalf of Century 21, my office commenced this action by the filing of a Complaint against Heritage Real Estate, Inc. ("Heritage") and others.

3. The Summons and Complaint were personally served on Heritage on December 30, 2006. Attached hereto as Exhibit "AA" is a true and correct copy of the Proof of Service of the Summons and Complaint.

4. Heritage's time to appear or respond expired on January 19, 2007.

5. Heritage failed to timely file any response to the Complaint. Accordingly, my office filed a request on behalf of Century 21 to have default entered against Heritage. The Clerk of this Court entered the default on Heritage on February 5, 2007.

6. Each of the Franchise Agreements at issue in this case provides that all fees and contributions that become past due "shall bear interest at the lower rate of either the highest rate allowed by law or a rate that is five (5) percentage points per annum higher than the 'prime rate' then currently established by the largest bank (determined by total bank assets) headquartered in the state in which Franchisee's Approved Location is situated." (See, First Franchise Agreement, Exhibit "C" to Declaration of Debbie Iuliano ("Iuliano Dec."), filed concurrently herewith, at page 16, paragraph 11, subparagraph B(ii); Second Franchise Agreement, Exhibit "K" to Iuliano Dec., at page 16, paragraph 11, subparagraph B(ii); Third Franchise Agreement, Exhibit "P" to Iuliano Dec., at page 16, paragraph 11, subparagraph B(ii); and Fourth Franchise Agreement, Exhibit "V" to Iuliano Dec., at page 16, paragraph 11, subparagraph B(ii).)

7. I have determined that the highest interest rate permitted by law with respect to corporations in New Jersey is 50%. I respectfully refer this Court to Title 31 New Jersey Statutes, Chapter 1, Section 1-6, which provides that the civil

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

usury rates do not apply to corporations, and to Title 2C New Jersey Statutes, Chapter 21, Section 21-19, which provides for a criminal usury rate of 50%.

8. I also have determined that the largest bank, as determined by total bank assets, headquartered in California is Wells Fargo Bank. The prime rate currently in effect at Wells Fargo Bank is 8.25%, and 5% higher than that rate is 13.25% per annum. Accordingly, the lower rate, and the rate to be applied to the unpaid principal balances due under the Franchise Agreements, is 13.25%. As set forth in the Complaint filed in this action, at Page 13, Prayer, ¶ 2, that rate is to be applied from the effective date of termination of each Franchise (August 30, 2006) to the date Judgment in entered.

9. The Development Advance Promissory Notes and Expansion Notes at issue in this case provide that past due balances accrue "simple interest at a rate equal to the lesser of eighteen percent (18%) per annum or the highest rate allowed by law from its due date until paid in full." As noted above, the highest rate of interest allowed under New Jersey law is 50%. Accordingly, the lesser rate of 18% per annum is to be applied to the outstanding principal balances due under the various Notes. Again, as set forth in the Complaint filed in this action, at Page 13, Prayer, ¶ 2, that rate is to be applied from the effective date of termination of each Franchise (August 30, 2006) to the date Judgment in entered.

10. Attached hereto as Exhibit "BB" is a chart I prepared showing the daily rate of interest for each Franchise Agreement and Note at issue in this action, and the amount of accrued interest as of April 17, 2007. The daily rate of interest was calculated as follows:

(Principal Balance x Interest Rate) ÷ 365 = Daily Rate of Interest

11. Each of the Franchise Agreements at issue in this case includes an attorney's fees provision pursuant to which the prevailing party is entitled to recover all litigation costs and expenses, including attorney's fees, in any action brought to enforce the terms and conditions of the Franchise Agreement. The

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Franchise Agreements are attached as Exhibits to the Iuliano Dec., filed concurrently herewith. The pertinent paragraphs of the respective Franchise Agreements at which the attorney's fees provision is found are set forth below for the Court's convenience:

First Franchise Agreement – page 37, paragraph 20;

Second Franchise Agreement – page 37, paragraph 20;

Third Franchise Agreement – page 37, paragraph 20; and

Fourth Franchise Agreement – page 37, paragraph 20.

12. Gordon & Rees LLP currently is charging Century 21 the following hourly rates by its attorneys in this case: $335 for partners; $265 for associates; and $150 for paralegals. The amount of fees which Century 21 has been charged to date and will be charged up to the expected date of entry of Judgment in connection with the prosecution of its claims against Heritage in this action is not less than $27,730.00, with an additional amount of not less than $3,727.50 for costs incurred.

Executed this 17th day of April 2007, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

//S//

GARY J. LORCH

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

# EXHIBIT AA

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL

CENTURY 21 REAL ESTATE LLC, a Delaware limited liability company, formerly known as CENTURY 21 REAL ESTATE CORPORATION, a Delaware corporation,

V.

HERITAGE REAL ESTATE, INC., a California corporation doing business as CENTURY 21 HERITAGE REAL ESTATE and HERITAGE REAL ESTATE; JOHN W. SCHLENDORF, JR., an individual; SUSANNA SCHLENDORF, an individual; and SERETA CHURCHILL, an individual.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 06 7809

WDB

TO: (Name and address of defendant)

Heritage Real Estate, Inc., a California corporation doing business as Century 21 Heritage Real Estate and Heritage Real Estate

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Calvin E. Davis, Gary J. Lorch and Lisa K. Garner

GORDON & REES LLP

633 W. Fifth Street, 49th Floor

Los Angeles, CA 90071

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE DEC 20 2006

(BY) DEPUTY CLERK

MARY ANN BUCKLEY

American LegalNet, Inc.
www.USCourtForms.com

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me [1] see attached for list of additional documents | DATE 12/30/06 12:30PM |
|---|---|
| Name of SERVER MARIANNE COULSON | TITLE REGISTERED CALIFORNIA PROCESS SERVER CONTRA COSTA/#653 |

*Check one box below to indicate appropriate method of service*

[X] Served Personally upon the Defendant. Place where served: HERITAGE REAL ESTATE, INC., A CALIFORNIA CORPORATION DOING BUSINESS AS CENTURY 21 HERITAGE REAL ESTATE AND HERITAGE REAL ESTATE BY SERVING JOHN W. SCHLENDORF, JR. AGENT FOR SERVICE AT 109 RAVEN COURT, DANVILLE, CA 94526

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

[ ] Returned unexecuted:

[ ] Other *(specify)*:

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | $70.00 | XXXXX $70.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 01/02/07
*Date*

[signature]
*Signature of Server*

ONE HOUR LEGAL
1280 BOULEVARD WAY, #205
WALNUT CREEK, CA 94595
925-947-3470
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

American LegalNet, Inc.
www.USCourtForms.com

**CENTURY 21 REAL ESTATE v. HERITAGE REAL ESTATE, et al.**
**CASE NO. C 06-07809 WDB**

Attachments to Summons and Complaint – continued:

1. **ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES;**

2. **STANDING ORDER U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL;**

3. **NOTICE OF ASSIGNMENT OF CASE TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL;**

4. **ECF REGISTRATION INFORMATION HANDOUT;**

5. **DISPUTE RESOLUTION PROCEDURES IN THE NORTHERN DISTRICT OF CALIFORNIA;**

6. **NOTICE OF APPLICATION** AND HEARING FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST **DEFENDANT HERITAGE** REAL ESTATE, INC.;

7. **NOTICE OF APPLICATION** AND HEARING FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST **DEFENDANT JOHN W. SCHLENDORF, JR.**;

8. **NOTICE OF APPLICATION** AND HEARING FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST **DEFENDANT SUSANNA SCHLENDORF;**

9. **NOTICE OF APPLICATION** AND HEARING FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST **DEFENDANT SERETA CHURCHILL;**

10. **APPLICATION** FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST **DEFENDANT HERITAGE REAL ESTATE, INC.;**

11. **APPLICATION** FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT **AGAINST DEFENDANT JOHN W. SCHLENDORF, JR.;**

12. **APPLICATION** FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST **DEFENDANT SUSANNA SCHLENDORF;**

13. **APPLICATION** FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST **DEFENDANT SERETA CHURCHILL;**

14. **[PROPOSED] RIGHT TO ATTACH ORDER** AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST **DEFENDANT HERITAGE REAL ESTATE, INC.;**

15. **[PROPOSED] RIGHT TO ATTACH ORDER** AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST **DEFENDANT JOHN W. SCHLENDORF, JR.;**

16. **[PROPOSED] RIGHT TO ATTACH ORDER** AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST **DEFENDANT SUSANNA SCHLENDORF;**

17. **[PROPOSED] RIGHT TO ATTACH ORDER** AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST **DEFENDANT SERETA CHURCHILL;**

18. **COMBINED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FOUR (4) APPLICATIONS** FOR RIGHT TO ATTACH ORDERS AND ORDERS FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST DEFENDANTS HERITAGE REAL ESTATE INC.,

JOHN W. SCHLENDORF, JR., SUSANNA SCHLENDORF, AND SERETA CHURCHILL;

19. **DECLARATION OF GARY J. LORCH** IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR RIGHT TO ATTACH ORDERS AND ORDERS FOR WRIT OF ATTACHMENT AGAINST DEFENDANTS HERITAGE REAL ESTATE, INC., JOHN W. SCHLENDORF, JR., SUSANNA SCHLENDORF AND SERETA CHURCHILL;

20. **DECLARATION OF DEBBIE IULIANO** IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR RIGHT TO ATTACH ORDERS AND ORDERS FOR WRIT OF ATTACHMENT AGAINST DEFENDANTS HERITAGE REAL ESTATE, INC., JOHN W. SCHLENDORF, JR., SUSANNA SCHLENDORF AND SERETA CHURCHILL

# EXHIBIT BB

*CENTURY 21 REAL ESTATE LLC V. HERITAGE REAL ESTATE, INC.*

*INTEREST CALCULATIONS*

| DOCUMENT | PRINCIPAL | INTEREST RATE | DAILY RATE OF INTEREST | ACCRUED INTEREST TO AND INCLUDING 4/17/07 (231 DAYS) |
|---|---|---|---|---|
| First Franchise Agreement | $33,964.55 | 13.25% | $12.33 | $2,848.23 |
| First Development Advance Promissory Note | $208,766.42 | 18% | $102.95 | $23,781.45 |
| First Expansion Note | $111,242.56 | 18% | $54.86 | $12,672.66 |
| Second Franchise Agreement | $42,105.29 | 13.25% | $15.29 | $3,531.99 |
| Second Development Advance Promissory Note | $71,111.00 | 18% | $35.07 | $8,101.17 |
| Third Franchise Agreement | $34,689.75 | 13.25% | $12.59 | $2,908.29 |
| Third Development Advance Promissory Note | $144,445.09 | 18% | $71.23 | $16,454.13 |
| Fourth Franchise Agreement | $52,785.32 | 13.25% | $19.16 | $4,425.96 |
| Fourth Development Advance Promissory Note | $47,221.82 | 18% | $23.29 | $5,379.99 |

**TOTAL ACCRUED INTEREST AS OF APRIL 17, 2007 - $80,103.87**

**INTEREST CONTINUES TO ACCRUE AT THE RATE OF $346.77 PER DAY UNTIL ENTRY OF JUDGMENT**