UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY 21 REAL ESTATE, LLC., <br><br> Plaintiff, <br><br> v. <br><br> HERITAGE REAL ESTATE, INC., et al. <br><br> Defendants. <br> _____/ | No. C 06-7809 WDB <br><br> ORDER FOR SUPPLEMENTAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT |

On April 18, 2007, plaintiff filed its Application for Entry of Default Judgment by Court Against Defendant Heritage Real Estate, Inc., ("Application").

The Court ORDERS plaintiff to file supplemental submissions that address the following issues.

1.  Plaintiff seeks $31,457.50 for attorneys' fees and costs. See, Lorch Declaration, filed April 18, 2007. However, plaintiff has not proffered evidence that would support this request. In order to obtain reimbursement of its reasonable attorneys' fees and costs plaintiff must submit copies of its counsel's billing records demonstrating the tasks that counsel performed and the number of hours expended for each task. Plaintiff also must itemize the costs for which it seeks reimbursement. In addition, plaintiff must submit evidence about each attorney's and paralegal's

1

<u>experience and qualifications</u> to support the requested hourly rates as well as evidence that those rates are commensurate with the prevailing market rate in this community for similarly experienced counsel working on these kinds of matters.

2.   Plaintiff appears to seek prejudgment interest as to "all fees and contributions" due under the *Franchise Agreements* "at the lower rate of either the highest rate allowed by law or a rate that is five (5) percentage points per annum higher than the 'prime rate' then currently established by <u>the largest bank . . . headquartered in the state in which Franchisee's Approved Location is situated</u>." Application at 15-16 (emphasis added).  Defendant is located in California, and plaintiff represents that Wells Fargo Bank provides the applicable prime rate.

As we read the governing Franchise Agreements, royalty fees and "NAF" fees are to bear interest "at the lower rate of either the highest rate allowed by law or a rate that is five (5) percentage points per annum higher than the 'prime rate' then currently established by <u>Mellon Bank, N.A. Pittsburgh, PA</u>. *E.g.*, Iuliano Decl., filed April 18, 2007, Ex. C at 6 and 11 (emphasis added).[1]  Plaintiff must (1) explain why it is appropriate to use Wells Fargo Bank rather than Mellon Bank or (2) identify the appropriate rate using Mellon Bank and submit evidence recalculating the interest sought.

Additionally, plaintiff's current interest calculation purports to use the prime rate "currently in effect."  Application at 16:13.  The language of the contract (under both the California and Mellon Bank provisions) provides for use of the prime rate "then currently established."  We think a natural reading of these provisions suggests that "then" refers to the point in time at which defendant defaults on the obligation (*i.e.*, when the payment is late).  What is the basis for plaintiff's apparent conclusion that the phrase "then currently established" refers to <u>now</u> (*i.e.*, the date when plaintiff

---

[1] The language relied on by plaintiff appears to apply only to interest relating to "products, supplies, or services furnished [by plaintiff]." Iuliano Decl., Ex.C. at 16.

2

seeks default judgment)? Plaintiff must address whether the contracts contemplate that it will use the prime rate in effect at the time defendant defaulted on its obligations or the prime rate in effect today.

3. As we understand it, plaintiff does not seek prejudgment interest with respect to the amounts sought as "liquidated damages." Lorch Decl., at Ex. BB. If this understanding is incorrect plaintiff must notify the Court. Given that plaintiff's requested liquidated damages purport to represent lost <u>future</u> profits (*i.e.*, money to which plaintiff would be entitled in the future as opposed to money that is owing and past due), if plaintiff claims it is entitled to prejudgment interest with respect to "liquidated damages" plaintiff must set forth authority for its position.

4. Plaintiff seeks an order "compelling Heritage to turn over the collateral subject of the Security Agreements." Application at 18. These agreements are subject to California law. Iuliano Decl., at Ex. H. Plaintiff's Application sets forth <u>no</u> California law pertaining to the requirements for foreclosing on property that is subject to security agreements of this kind at this juncture. Accordingly, plaintiff also has not established that <u>each</u> of the Security Agreements satisfies the requirements of California law.[2]

5. Finally, we note that the "court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). Plaintiff's Application does not explicitly address the factors considered by courts in the Ninth Circuit when determining whether it is appropriate to enter default judgment. *E.g., Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). *See also*, Schwarzer, et al, Federal Civil Procedure Before Trial, ¶6:100-6:101 (TRG).

---

[2] By way of example, and <u>without limitation</u>, does California law require, *inter alia*, that the Security Agreement identify the location of the property with specificity? If so, does the Security Agreement, dated September 1, 2000, satisfy this requirement in light of the fact that it does not specify the street address at which the subject property is located? Iuliano Decl., at Ex. H ("all furniture, etc... located at ...the residential real estate brokerage business conducted by Debtor"). Plaintiff has provided no legal authority on which to evaluate its request for foreclosure of the security.

**By Monday, May 21, 2007**, plaintiff must file with the Court and serve on defendant Heritage Real Estate, Inc., its supplemental argument and evidence addressing the issues identified above.

**By, Wednesday, June 6, 2007**, defendant Heritage must file its response, if any, to any matters raised by the original Application and supporting papers and any matters addressed in plaintiff's May 21st supplemental submissions.

**By Wednesday, June 13, 2007**, plaintiff must file its Reply, if any, to defendant's June 6th response.

**On Wednesday, June 27, 2007, at 1:30 p.m.,** the Court will conduct a hearing in connection with plaintiff's Application for Default Judgment Against Defendant Heritage Real Estate, Inc.  The hearing will take place in Courtroom 4, 3rd Floor, United States Courthouse, 1301 Clay Street, Oakland, California, 94612.

Heritage Real Estate, Inc., may appear at the hearing through counsel.  See, Local Rules for the Northern District of California, Civil Local Rule 3-9(b).

**<u>The Court ORDERS plaintiff to promptly serve a copy of this order on Heritage Real Estate, Inc.</u>**

IT IS SO ORDERED.

Dated: May 4, 2007

*(signature)*
WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:
Plaintiff with instructions to serve defendant,
WDB, Stats.

4