CALVIN E. DAVIS (SBN: 101640)
GARY J. LORCH (SBN: 119989)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
Email: cdavis@gordonrees.com
Email: glorch@gordonrees.com

Attorneys for Plaintiff
CENTURY 21 REAL ESTATE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, a Delaware limited liability company, formerly known as CENTURY 21 REAL ESTATE CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HERITAGE REAL ESTATE, INC., a California corporation doing business as CENTURY 21 HERITAGE REAL ESTATE and HERITAGE REAL ESTATE; JOHN W. SCHLENDORF, JR., an individual; SUSANNA SCHLENDORF, an individual; and SERETA CHURCHILL, an individual, <br><br> Defendants. | Case No. CV 06-7809 WDB <br><br> **RESPONSE OF PLAINTIFF CENTURY 21 REAL ESTATE LLC TO COURT'S ORDER FOR SUPPLEMENTAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT; DECLARATION OF GARY J. LORCH IN SUPPORT THEREOF** <br><br> Date: June 27, 2007 <br> Time: 1:30 p.m. <br> Crtm: 4 |

**TO THIS HONORABLE COURT, TO DEFENDANT HERITAGE REAL ESTATE, INC., AND TO ALL OTHER DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Century 21 Real Estate LLC ("Century 21") respectfully submits the following Response to this Court's May 4, 2007, Order for Supplemental Submissions Re Application for Default Judgment.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

# TABLE OF CONTENTS

Page(s)

I.  REQUEST FOR ATTORNEY'S FEES ........................................................2

    A.  Statements for Services Rendered.................................................2

    B.  Qualifications and Experience of Legal Personnel......................2

    C.  Billing Rates..................................................................................4

    D.  Itemization of Costs......................................................................5

II. PREJUDGMENT INTEREST ...................................................................6

III. LIQUIDATED DAMAGES ......................................................................7

IV. THE SECURITY AGREEMENTS. .........................................................7

    A.  The Agreements Are Valid Under California Law........................7

    B.  Century 21 Is Entitled To Possession Of The Collateral .............9

V.  CENTURY 21 IS ENTITLED TO A DEFAULT JUDGMENT .............9

    A.  The Substantive Merits Of Plaintiff's Claim..............................10

    B.  The Sufficiency Of The Complaint.............................................11

    C.  The Amount Of Money At Stake.................................................11

    D.  The Possibility Of Prejudice To Plaintiff If Relief Is Denied...........11

    E.  The Possibility Of A Dispute As To Any Material Fact In The Case...................................................................................................11

    F.  Whether Default Resulted From Excusable Neglect ........................12

    G.  The Strong Policy Of The Federal Rules Of Civil Procedure Favoring Decisions On The Merits.......................................................12

VI. CONCLUSION ........................................................................................12

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

**RESPONSE TO ORDER FOR SUPPLEMENTAL SUBMISSIONS RE APPPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aldabe v. Aldabe,*
  616 F.2d 1089 (9th Cir. 1980) ...................................................................10

*Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,*
  722 F.2d 1319, 1323 (7th Cir. 1983) .........................................................11

*Eitel v. McCool,*
  782 F.2d 1470, 1471-1472 (9th Cir. 1986) ...............................................10

*In re Amex-Protein Development Corporation,*
  504 F.2d 1056, 1059 (9th Cir. 1974) ......................................................8, 9

*In re California Pump & Mfg. Co., Inc.,*
  588 F.2d 717 (9th Cir. 1978) .......................................................................9

*Komas v. Future Systems, Inc.,*
  71 Cal.App.3d 809 ........................................................................................7

*New West Fruit Corporation v. Coastal Berry Corporation,*
  1 Cal.App.4th 92 ...........................................................................................7

*TeleVideo Systems, Inc. v. Heidenthal,*
  826 F.2d 915, 917 (9th Cir. 1987) .............................................................11

**Statutes**

Commercial Code § 9108(a) (b) ......................................................................8

Commercial Code § 9201(a) ............................................................................7

Commercial Code § § 9604, 9609, 9610 .........................................................9

U.C.C. § 9203 ...............................................................................................7, 8

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

**RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**

# I.    REQUEST FOR ATTORNEY'S FEES

## A.    Statements for Services Rendered

Pursuant to this Court's request, attached as Exhibit "A" to the Declaration of Gary J. Lorch ("Lorch Dec.") hereto are true and correct copies of the Statements for Services Rendered submitted by Gordon & Rees LLP to Realogy Corporation, the parent corporation of Century 21.  Those Statements reflect the bills and costs which have been incurred and billed through March 31, 2007, in connection with this action.  The Statements have been partially redacted in order to prevent the disclosure of attorney-client privileged information.

As demonstrated in the Statements, the services provided by attorneys at Gordon & Rees LLP in this matter include, but are not necessarily limited to, the following:

- Initial analysis and evaluation of franchise agreements and related documents, and claims arising thereunder, including analyses of issues re damages;

- Drafting of Complaint;

- Preparation of Application for pre-judgment Writ of Attachment, including supporting Declarations;[1]

- Preparation of Request to Enter Default;

- Preparation of Application for Entry of Default Judgment, including supporting Declarations; and

- Correspondence with Client regarding the above.

## B.    Qualifications and Experience of Legal Personnel

As set forth in the attached Lorch Dec., the services provided to Century 21 in this matter have been performed by the following three (3) attorneys and one (1) law clerk at Gordon & Rees LLP.

---

[1]    This Court will recall that a hearing on Century 21's Application for Writ of Attachment was pending as of the date default was entered by the Clerk and as of the date that Century 21 filed its Application for Default Judgment.

**RESPONSE TO ORDER FOR SUPPLEMENTAL SUBMISSIONS RE APPPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

1.  <u>Calvin Davis</u>.  Mr. Davis is a partner with Gordon & Rees LLP. He has been practicing primarily in the area of business litigation and intellectual property for over twenty-five (25) years.  He was formerly a trial attorney with the Civil Division of the Department of Justice. In the course of his private practice, he has had substantial experience in the litigation of matters involving franchise law, and has appeared as lead counsel in over thirty (30) matters involving disputes between franchisors and franchisees.

2.  <u>Gary J. Lorch</u>.  Mr. Lorch also is a partner with Gordon & Rees LLP.  During his over twenty-one (21) years as an attorney admitted in the state and federal courts in California, Mr. Lorch has counseled clients and litigated matters in numerous commercial, real estate, and intellectual property disputes, including copyright and trademark infringement, misappropriation of trade secrets, breach of contract, and partnership issues. He has provided both litigation and counseling services to large and small companies, in addition to entrepreneurs and professionals.

3.  <u>Lisa K. Garner</u>.  Ms. Garner is a Senior Counsel at Gordon & Rees LLP.  She has been practicing law since December 1991 and has extensive experience in business litigation matters.  Ms. Garner's practice includes trial work, binding arbitrations, and appeals.

4.  <u>Eleanor Welke (née Murphy)</u>.  Ms. Welke is a Law Clerk at Gordon & Rees LLP.  She obtained her Bachelor of Arts in 2002 from the University of California at Los Angeles in 2002, and is currently entering her third year at Whittier Law School.  She has three (3) years of legal experience, first as a case assistant and, for the past year, as a Law Clerk.  Over the past year, Ms. Welke has completed numerous assignments in the area of franchise litigation, including on behalf of Century 21, such as legal research regarding future lost profits, choice of law policies, entry of default and default judgment procedures and requirements, writs of attachments, writs of execution, and brokers' duties of

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

**RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**

1 disclosures.

2    C.    Billing Rates

3    As set forth in the initial Declaration of Gary J. Lorch, filed on April 18,

4 2007, Century 21 is being charged the following rates in this case:  $335 per hour

5 for partners, $265 per hour for associates, and $150 per hour for paralegals/law

6 clerks.  Century 21 respectfully submits that the rates charged to it by Gordon &

7 Rees LLP are commensurate with the prevailing market rates in the community for

8 similarly experienced counsel working on this kind of matter.

9    Attached collectively as Exhibit "B" to the Lorch Dec. are true and correct

10 copies of relevant pages from The Survey of Law Firm Economics, 2006 Edition,

11 conducted by Altman Weil, Inc., Consultants to the Legal Profession.  To the best

12 of counsel's knowledge, understanding and belief, this Survey is the most

13 complete, accurate and up-to-date set of statistics available about the legal

14 profession.  As set forth in the Survey, at Page 85, and as of January 1, 2006 (the

15 2007 Edition has not been released), the average Standard Hourly Billing Rates for

16 attorneys in the "Pacific Region" are:

17    Equity Partners    $337

18    Non-Equity Partner    $344

19    Associate    $234

20    As set forth in the Survey, at Page 88, for attorneys with the same years of

21 legal experience as the attorneys at Gordon & Rees LLP who have worked on the

22 matter, the average Standard Hourly Billing Rates for attorneys in the "Pacific

23 Region" are:

24    21-30 years    $344

25    16-20 years    $334

26    As set forth in the Survey, at pages 89 and 93, the average rates are higher if

27 the region is limited to California.

28 / / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

-4-

| | |
|---|---|
| Partners | $391 |
| Associates | $258 |
| | |
| 21-30 years | $400 |
| 16-20 years | $386 |

If the size of the firm is considered as the principal factor, the Standard Hourly Billing Rates as of January 1, 2006, for larger firms, such as Gordon & Rees LLP, are:

| | |
|---|---|
| 21-30 years | $365 |
| 16-20 years | $305 |

See, Survey, at Page 107.

Finally, as set forth in the Survey, at Page 127, the Standard Hourly Billing Rates for Contract/Commercial cases (irrespective of region) as of January 1, 2006, are:

| | |
|---|---|
| 21-30 years | $301 |
| 16-20 years | $263 |

Century 21 respectfully submits that the rates being charged by Gordon & Rees LLP clearly fall within the prevailing "norm" in 2007.

D.    Itemization of Costs

As set forth in the initial Declaration of Gary J. Lorch, filed on April 18, 2007, in support of Century 21's Application for Entry of Default Judgment, as a further confirmed in the attached Lorch Dec., Century 21 seeks an award of not less than $3,727.50 for the costs incurred by Century 21 in this matter through March 31, 2007.  Those costs are itemized as follows:

/ / /

/ / /

/ / /

/ / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

**RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**

| | |
|---|---|
| Court Filing Fees | $392.25 |
| Photocopies | $493.00 |
| Private Investigator (Asset Search) | $2,071.05 |
| Service of Process/Messengers | $771.20 |
| **TOTAL** | **$3,727.50** |

## II.    PREJUDGMENT INTEREST

This Court correctly notes that the Franchise Agreements provide that past-due Royalty Fees and NAF charges "bear interest from the due date until paid at the lower rate at either the highest rate allowed by law or a rate that is five (5) percentage points per annum higher than the "prime rate" then currently established by Mellon Bank, N.A. Pittsburgh, PA."[2]

The prime rate, as established by Mellon Bank, currently is 8.25%. That rate was announced by Mellon Bank on June 29, 2006, and, accordingly, was in effect as of the date on which each Franchise Agreement was terminated and all sums became immediately due and owing from Heritage to Century 21. Attached as Exhibit "C" to the Lorch Dec. is a true and correct copy of the Press Release, dated June 29, 2006, from Mellon Bank in which it announced that its prime rate had been raised from 8.00% to 8.25%.

This Court also has questioned Century 21's use of the prime rate "currently in effect," as opposed to the prime rate in effect as of the date of default. In fact,

_____

[2]    In support of its Application for Default Judgment, Century 21 noted that the application interest rate was "the lower rate of either the highest rate allowed by law or a rate that is five (5) percentage points per annum higher than the "prime rate" then currently established by the largest bank (determined by total bank assets) headquartered in the state in which Franchisee's Approved Location is situated." Counsel for Century 21 determined that bank to be Wells Fargo Bank.

Although counsel for Century 21 agrees with this Court's determination that Mellon Bank, N.A. Pittsburgh, PA is the appropriate financial institution to use as reference, in defense, counsel's statement as to Wells Fargo Bank also was correct given the provision, found in each Franchise Agreement, as to the applicable rate of interest on past due payments for goods and services.

More importantly, there is no discrepancy between Mellon Bank and Wells Fargo Bank, as the prime rate established by each Bank is the same – 8.25%

RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

1  Century 21 has used the prime rate in effect as of the date of default.  As set forth

2  in the Complaint on file herein, and as further demonstrated in the Declaration of

3  Debbie Iuliano filed in support of Century 21's Application, Century 21 has used

4  August 30, 2006, the date each Franchise Agreement was terminated, as the date of

5  default.  The prime rate as determined by Mellon Bank as of August 30, 2006, was

6  8.25%.[3]

7  **III.    LIQUIDATED DAMAGES**

8     Century 21 confirms that it is **not** claiming prejudgment interest with respect

9  to the amounts sought as liquidated damages.

10  **IV.    THE SECURITY AGREEMENTS**

11     A.    The Agreements Are Valid Under California Law

12     This Court has questioned whether the subject Security Agreements satisfy

13  California law.  Century 21 respectfully submits that the answer clearly is "yes."

14     The Security Agreements are governed by the provisions of the Commercial

15  Code of the State of California (the "Code").  Except as otherwise provided in the

16  Code, a security agreement is effective according to its terms between the debtor

17  and the secured party, and is also effective against purchasers of the collateral and

18  against creditors.  Commercial Code § 9201(a).

19     The Code does not specify exactly what terms of the security agreement

20  must contain in order to be enforceable.  Rather, the test for whether a security

21  agreement is sufficient is whether the parties use language that leads to the

22  conclusion that it was their intention that a security interest be created.  See,

23  *Komas v. Future Systems, Inc.*, 71 Cal.App.3d 809, 816, 139 Cal.Rptr. 669

24  (construing former U.C.C. § 9203); *New West Fruit Corporation v. Coastal Berry

25  Corporation*, 1 Cal.App.4th 92, 97-98, 1 Cal.Rptr.2d 664; *In re Amex-Protein*

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

26  _____

27  [3]     As set forth in the attached Lorch Dec., based on a review of Mellon Bank's
   website and to the best of counsel's knowledge, understanding and belief, Mellon
   Bank has not changed its prime rate since June 29, 2006.  Attached collectively as

28  Exhibit "D" to the Lorch Dec. is historical data showing that the prime rate has not
   changed since June 29, 2006.

**RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE
APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**

1  *Development Corporation*, 504 F.2d 1056, 1059 (9th Cir. 1974) [no magic words

2  necessary to create security interest].

3      Pursuant to Commercial Code § 9203(b), in general, a security agreement is

4  enforceable against the debtor and against third parties with respect to the

5  collateral when the following prerequisites are met:

6      (1)   Value has been given;

7      (2)   The debtor has rights in the collateral or the power to transfer

8  such rights to a secured party; and

9      (3)   One of the following evidentiary requirements is met:

10      (A)   The debtor has authenticated a security agreement

11  containing a description of the collateral and, if the security agreement covers

12  timber to be cut, a description of the land concerned;

13      (B)   The collateral is not a certificated security and is in the

14  possession of the secured party under Section 9313 pursuant to the debtor's

15  security agreement;

16      (C)   The collateral is a certificated security in registered form

17  and the security certificate has been delivered to the secured party under Section

18  8301 pursuant to the debtor's security agreement; or

19      (D)   The collateral is deposit accounts, electronic chattel

20  paper, investment property, or letter-of-credit rights, and the secured party has

21  control under Section 7106, 9104, 9105, 9106, or 9107 pursuant to the debtor's

22  security agreement.

23      Thus, unless the security agreement covers timber to be cut, there is no need

24  for the security agreement to contain a specific description of the collateral.

25  Rather, a general description of the personal or real property collateral is sufficient,

26  regardless of whether it is specific, if it "reasonably identifies" what is described.

27  Commercial Code § 9108(a).   Pursuant to Section 9108(b), a description

28  "reasonably identifies" collateral if it identifies it by:

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

-8-

(1)    Specific listing;

(2)    Category;

(3)    Type of collateral defined in the Commercial Code;

(4)    Quantity;

(5)    Computational or allocational formula or procedure; or

(6)    Any other method provided the identity of the collateral is objectively determinable.

The description in a security agreement is sufficient if it provides such information as would lead a reasonable inquirer to the identity of the collateral.  *In re Amex-Protein Development Corporation*, *supra*, 504 F.2d at 1060.

A security agreement need not identify the location of the property with specificity.  In fact, to the contrary, in drafting security agreements the better practice is to avoid describing the collateral as located at a particular location, as the security interest may not apply to the collateral if it is later moved.  See, *e.g.*, *In re California Pump & Mfg. Co., Inc.*, 588 F.2d 717 (9th Cir. 1978).

Century 21 respectfully submits that, judged against these standards, the subject Security Agreements are valid under California law.

B.    Century 21 Is Entitled To Possession Of The Collateral

Pursuant to Commercial Code § § 9604, 9609, 9610, Century 21 is entitled to possession of the collateral so as to (a) take any proceeds to which Century 21 is entitled, (b) enforce the obligations of Heritage, as debtor, or any other person obligated on the collateral to make payment to Heritage, (c) apply the balance of any deposit account for the benefit of Century 21, and (d) either apply the value of the collateral to the outstanding debt or sell any of the collateral in a commercially reasonable manner and apply the proceeds of the sale to the outstanding debt.

V.    **CENTURY 21 IS ENTITLED TO A DEFAULT JUDGMENT**

As this Court correctly has noted, the decision whether to enter a default judgment is within this Court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

-9-

(9th Cir. 1980).  The following facts are to be considered in determining whether to grant a default judgment:

        (1)    The substantive merits of plaintiff's claim;

        (2)    The sufficiency of the complaint;

        (3)    The amount of money at stake;

        (4)    The possibility of prejudice to plaintiff if relief is denied;

        (5)    The possibility of a dispute as to any material fact in the case;

        (6)    Whether default resulted from excusable neglect; and

        (7)    The strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  Century 21 respectfully submits that a consideration of these factors clearly weighs in favor of the entry of default judgment.

A.    <u>The Substantive Merits Of Plaintiff's Claim</u>

Century 21 has established, through admissible, competent, evidence, the merits of its claim.  Specifically, and without limitation, Century 21 has established that: (1) Heritage entered into the subject Franchise Agreements, which obligated it to pay to Century 21 royalty fees and NAF charges; (2) Heritage entered into the subject Notes, which evidenced the loan by Century 21 to Heritage of certain sums of money and which obligated Heritage to repay those sums; (3) Heritage abandoned the franchises subject of the Franchise Agreements; (4) as a result of Heritage's abandonment, and its failure to pay Century 21 sums due pursuant to the Franchise Agreements and Notes, Century 21 terminated each Franchise Agreement; and (5) Heritage is obligated to Century 21 the sums set forth in the Complaint.

Accordingly, this factor weighs heavily in favor of entry of default judgment.

/ / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

**RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**

B.    The Sufficiency Of The Complaint

As against Heritage, the Complaint filed by Century 21 properly sets forth valid claims for Breach of Contract, Breach of Promissory Note, Account Stated, Money Lent, Quantum Meruit, Specific Possession of Personal Property, and Accounting.

Accordingly, this factor weighs heavily in favor of entry of default judgment.

C.    The Amount Of Money At Stake

Although Century 21 seeks a substantial amount of money in this case, the amount of money is based upon a contract, and was and is readily ascertainable. Century 21 submits that the amount at issue in this case should not prevent this Court from entering default judgment.

D.    The Possibility Of Prejudice To Plaintiff If Relief Is Denied

Century 21 clearly will suffer prejudice if default judgment is not entered. Heritage already has abandoned the subject franchises, and likely already has begun to dissipate the assets available to satisfy the outstanding debt. Any further delay in entry of judgment will only give Heritage more time to either dissipate its assets and/or more them unreachable.

Accordingly, this factor weighs heavily in favor of entry of default judgment.

E.    The Possibility Of A Dispute As To Any Material Fact In The Case

As a result of Heritage's default, the liability of Heritage has been established, and there is and can be no dispute as to any material fact. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

Accordingly, this factor weighs heavily in favor of entry of default judgment.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

-11-

F.    Whether Default Resulted From Excusable Neglect

In the present case, there is and can be no showing that the default resulted from excusable neglect.    Heritage properly was served with the Summons and Complaint, and failed to timely respond.    The default was entered over three (3) months ago, and no attempt has been made by Heritage to have the default set aside.  There is no indication that Heritage ever had, or presently has, any intention of litigating this case on its merits.

Accordingly, this factor weighs heavily in favor of entry of default judgment.

G.    The Strong Policy Of The Federal Rules Of Civil Procedure Favoring Decisions On The Merits

In light of the above, especially Heritage's apparent decision to not litigate this case, the policy favoring decision on the merits simply does not apply.

**VI.    CONCLUSION**

Century 21 respectfully submits that is has established in all material respects its entitlement to a default judgment in this case.

Respectfully submitted.

Dated:  May 21, 2007                              CALVIN E. DAVIS
                                                 GARY J. LORCH
                                                 GORDON & REES LLP


                                                 By:_____/S/_____
                                                        GARY J. LORCH
                                                 Attorneys for Plaintiff CENTURY 21 REAL
                                                 ESTATE LLC

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE
APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809

**DECLARATION OF GARY J. LORCH**

I, Gary J. Lorch, declare, as follows:

1.     I am an attorney duly licensed to practice before all of the courts of the State of California, and I am admitted to the bar of this Court.  I am a partner in the firm of Gordon & Rees LLP, attorneys of record in this action for Plaintiff Century 21 Real Estate LLC ("Plaintiff" or "Century 21").  I am the attorney at Gordon & Rees LLP with primary responsibility for the representation of Century 21 in this case.  I  have personal knowledge of the facts set forth herein and, if called upon as a witness, I could and would testify competently under oath as to each such fact.

2.     Attached hereto as Exhibit "A" to the Declaration of Gary J. Lorch ("Lorch Dec.") hereto are true and correct copies of the Statements for Services Rendered submitted by Gordon & Rees LLP to Realogy Corporation, the parent corporation of Century 21.  Those Statements reflect the bills and costs which have been incurred and billed through March 31, 2007, in connection with this action. The Statements have been partially redacted in order to prevent the disclosure of attorney-client privileged information.  These records are generated and kept by Gordon & Rees LLP in the regular course of the business of the firm.

3.     The services provided by attorneys at Gordon & Rees LLP in this matter include, but are not necessarily limited to, the following:

(a)     Initial analysis and evaluation of franchise agreements and related documents, and claims arising thereunder, including analyses of issues re damages;

(b)     Drafting of Complaint;

(c)     Preparation of Application for pre-judgment Writ of Attachment, including supporting Declarations;

(d)     Preparation of Request to Enter Default;

/ / /

-13-

RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE
APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809

(e)    Preparation of Application for Entry of Default Judgment, including supporting Declarations; and

(f)    Correspondence with Client regarding the above.

4.    The services provided to Century 21 in this matter have been performed by the following three (3) attorneys and one (1) law clerk at Gordon & Rees LLP.

(a)    <u>Calvin Davis</u>.  Mr. Davis is a partner with Gordon & Rees LLP. He has been practicing primarily in the area of business litigation and intellectual property for over twenty-five (25) years.  He was formerly a trial attorney with the Civil Division of the Department of Justice. In the course of his private practice, he has had substantial experience in the litigation of matters involving franchise law, and has appeared as lead counsel in over thirty (30) matters involving disputes between franchisors and franchisees.

(b)    <u>Gary J. Lorch</u>.   I am a partner with Gordon & Rees LLP. During my over twenty-one (21) years as an attorney admitted in the state and federal courts in California, I have counseled clients and litigated matters in numerous commercial, real estate, and intellectual property disputes, including copyright and trademark infringement, misappropriation of trade secrets, breach of contract, and partnership issues. I have provided both litigation and counseling services to large and small companies, in addition to entrepreneurs and professionals.

(c)    <u>Lisa K. Garner</u>.  Ms. Garner is a Senior Counsel at Gordon & Rees LLP.  She has been practicing law since December 1991 and has extensive experience in business litigation matters.  Ms. Garner's practice includes trial work, binding arbitrations, and appeals.

(d)    <u>Eleanor Welke (née Murphy)</u>.  Ms. Welke is a Law Clerk at Gordon & Rees LLP.  She obtained her Bachelor of Arts in 2002 from the University of California at Los Angeles in 2002, and is currently entering her third

-14-

**RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  year at Whittier Law School.  She has three (3) years of legal experience, first as a

2  case assistant and, for the past year, as a Law Clerk.  Over the past year, Ms.

3  Welke has completed numerous assignments in the area of franchise litigation,

4  including on behalf of Century 21, such as legal research regarding future lost

5  profits, choice of law policies, entry of default and default judgment procedures

6  and requirements, writs of attachments, writs of execution, and brokers' duties of

7  disclosures.

8      5.    Century 21 is being charged the following rates in this case:  $335 per

9  hour for partners, $265 per hour for associates, and $150 per hour for

10 paralegals/law clerks.  I respectfully submit that the rates charged by Gordon &

11 Rees LLP in this case are commensurate with the prevailing market rates in the

12 community for similarly experienced counsel working on this kind of matter.

13 Attached collectively as Exhibit "B" are true and correct copies of relevant pages

14 from The Survey of Law Firm Economics, 2006 Edition, conducted by Altman

15 Weil, Inc., Consultants to the Legal Profession.  To the best of my knowledge,

16 understanding and belief, this Survey is the most complete, accurate and up-to-date

17 set of statistics available about the legal profession.

18     6.    Century 21 seeks an award of not less than $3,727.50 for the costs

19 incurred by Century 21 in this matter through March 31, 2007.  Those costs are set

20 forth in the Statements attached as Exhibit "A" hereto, and are itemized as follows:

21         Court Filing Fees                    $392.25

22         Photocopies                          $493.00

23         Private Investigator (Asset Search)  $2,071.05

24         Service of Process/Messengers        $771.20

25             **TOTAL**                        **$3,727.50**

26     7.    I personally have researched the prime rate as established by Mellon

27 Bank N.A., Pittsburgh, PA.  Specifically, I reviewed Mellon Banks website,

28 including their Press Releases announcing any changes in their prime rate.  I

determined that the prime rate currently in effect at Mellon Bank is 8.25%. That rate was announced by Mellon Bank on June 29, 2006, and, accordingly, was in effect as of August 30, 2006, the date on which each Franchise Agreement was terminated and all sums became immediately due and owing from Heritage to Century 21. Attached hereto as Exhibit "C" is a true and correct copy of the Press Release, dated June 29, 2006, from Mellon Bank in which it announced that its prime rate had been raised from 8.00% to 8.25%.

8.    Based on my review of Mellon Bank's website, I also have confirmed that Mellon Bank has not changed its prime rate since June 29, 2006.

9.    Attached hereto collectively as Exhibit "D" is historical data showing that the prime rate has not changed since June 29, 2006.

Executed this 21st day of May 2007, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



GARY J. LORCH

**RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE
APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**

PROOF OF SERVICE
*Century 21 Real Estate v. Heritage Real Estate Inc., et al.*
Case No. CV 06-7809 WDB

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon & Rees LLP, 633 West Fifth Street, Suite 4900, Los Angeles, CA  90071.  On May 21, 2007, I served a copy of the following documents as follows:

**RESPONSE OF PLAINTIFF CENTURY 21 REAL ESTATE LLC TO COURT'S ORDER FOR SUPPLEMENTAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT; DECLARATION OF GARY J. LORCH IN SUPPORT THEREOF**

☒   **VIA OVERNIGHT:**  by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as set forth below.

☒   **CERTIFIED MAIL:**  by placing the document(s) listed above in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached Service List, with postage thereon fully prepaid, marked certified and return receipt requested, to be deposited with the United States mail at Los Angeles, California that same day in the ordinary course of business.

| *Defendant:* | *Fedex Tracking No.* |
|---|---|
| Heritage Real Estate, Inc. c/o John W. Schlendorf, Jr. 109 Raven Court Danville, CA 94526 Tel:  (925) 837-7723 | 7902 5235 7350 <br> *Certified Mail-Return Receipt Requested:* 7099 3400 0015 1386 6978 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

1      I declare under penalty of perjury under the laws of the United States of

2 America that the above is true and correct.

3      Executed on May 21, 2007, at Los Angeles, California.

4

5                                    /S/

                                  Mila Owen

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

**RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**

PROOF OF SERVICE
*Century 21 Real Estate v. Heritage Real Estate Inc., et al.*
Case No. CV 06-7809 WDB

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon & Rees LLP, 633 West Fifth Street, Suite 4900, Los Angeles, CA  90071.  On May 21, 2007, I served a copy of the following documents on the interested parties as follows:

**RESPONSE OF PLAINTIFF CENTURY 21 REAL ESTATE LLC TO COURT'S ORDER FOR SUPPLEMENTAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT; DECLARATION OF GARY J. LORCH IN SUPPORT THEREOF**

☒ VIA U. S. MAIL:  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

☐ VIA OVERNIGHT:  by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as set forth on the service list.

☐ VIA FACSIMILE:  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ VIA PERSONAL DELIVERY:  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

John Kelly, Esq.
YOUNGMAN, ERICSSON & LOW, LLP
1981 N. Broadway, Suite 300
Walnut Creek, CA  94596
Tel: (925) 930-6000
Fax: (925) 934-5377
***Attorneys for Defendants John Schlendorf, Susanna Schlendorf and Sereta Churchill***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than

-19-
**RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE
APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

1    one day after the date of deposit for mailing in affidavit.

2         I declare under penalty of perjury under the laws of the United States of

3    America that the above is true and correct.

4         Executed on May 21, 2007, at Los Angeles, California.

5

6                                                  /S/
                                                Mila Owen
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

RLGY/1041334/110683v.1

**RESPONSE TO ORDER FOR SUPPLEMETNAL SUBMISSIONS RE APPLICATION FOR DEFAULT JUDGMENT - CASE NO. CV 06-7809**